GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. WILLIAM DAVIS.

No. 721. Decided December 22, 1898.

**1. Negligence—Habit as Evidence of.**

Evidence that a conductor whose negligence was charged to have caused an injury "was a drinking man" was inadmissible to show his unfitness upon the occasion in question. (Pp. 374, 375.)

**2. Same—Acts on Other Occasions.**

So evidence that at another time he had caused a wreck by disobeying orders in regard to setting a switch should have been excluded. (Pp. 375, 376.)

**3. Negligence—Incompetence—Unfit Servant.**

When defendant was charged with improperly employing a negligent and incompetent engineer, testimony, not as to a single act of negligence, but to an habitual course of negligent conduct during the time he was employed, was admissible. (Pp. 376, 377.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Davis sued the railway company for damages from the death of his son while in the company's employ. He had judgment which was affirmed on appeal by the company, and appellant obtained writ of error.

*Upson, Bergstrom & Newton,* for plaintiff in error.—The incompetency of a servant or knowledge thereof on the part of the master can not be shown by proof of specific acts of negligence committed by the servant two years before the accident, while engaged in a different employment than that in which he was engaged at the time of the accident. Cunningham v. Railway, 88 Texas, 534; Railway v. Rowland, 82 Texas. 171; Railway v. Scott, 68 Texas, 694; Railway v. Evansich, 61 Texas, 6; Black on Plead. and Proof, sec. 46; Railway v. McElmurry, 33 S. W. Rep., 249; 5 Am. and Eng. Enc. of Law, 2 ed., 880; Robinson v. Railway, 7 Gray, 92; Frazier v. Railway, 38 Pa. St., 104.

The court erred in permitting plaintiff's witness W. H. Nicely to testify as follows: "I think Henry had been employed as engineer five or six months. During that time he often pulled my train. He would pull a train down hill just as fast as he could turn a wheel. I know that he would do this, because he did it every time he pulled my train. I am not an engineer and never ran an engine." Same authorities.

There being no testimony that the conductor Sam Greene was drunk or under the influence of liquor at the time of the accident or at any other time while on duty in the employ of defendant, the testimony was not admissible as tending to support any issue made in the case. Same authorities.

*Ogden & Terrell,* for defendant in error.—We understand that it is now the settled law that when the character or fitness of an employe is in issue it is competent to prove his specific acts as throwing light upon that issue; and we also understand the settled law to be that notice of the incompetency or unfitness of the employe may be brought home to the master in any one of three ways: first, by proving his general reputation for incompetency and unfitness, of which the master will be presumed to have knowledge; second, by proof of the fact that it was well known to the master that the employe was inexperienced in the particular duties to which he was assigned; and third, by proof of specific acts evidencing unfitness and incompetency, in which case it is necessary to bring home to the master knowledge of these acts. Cunningham v. Railway, 88 Texas, 534; Railway v. Davis, 23 S. W. Rep., 301; Railway v. Rowland, 22 S. W. Rep., 135; Railway v. Wright, 42 S. W. Rep, 1066; Railway v. Ruby, 38 Ind., 294; Railway v. Mussette, 86 Texas, 708; Railway v. Whitmore, 58 Texas, 276; Railway v. Farmer, 73 Texas, 85; Railway v. Paton, 9 S. W. Rep., 175; Railway v. McDaniels, 107 U. S., 454; 2 Thomp. on Neg., 971-974; Abbott's Trial Ev.,

593; Woods' Mast. and Serv., sec. 421; O'Hare v. Railway, 95 Mo., 662; Railway v. Guyton, 115 Ind., 450.

The testimony of the witness Burnett was clearly admissible upon the following grounds: first, to prove as a fact that Green was an habitual drunkard and addicted to the constant and excessive use of intoxicating liquors; second, to prove Green's general reputation as an intemperate, lazy, and reckless man. Same authorities, especially Railway v. Rowland, 22 S. W. Rep., 136.

The master is required to use reasonable care in the selection of his servants, having regard to the exigencies of the case and the duties which they are directed to perform. The defendant railway company was well aware of the fact that Thomas Henry was inexperienced in the performance of the duties of an engineer, and that he was receiving the compensation of an apprentice, or student engineer, when it assigned him to discharge the important and responsible duties which devolved upon him in this instance. This was all the notice that it was necessary to bring home to the defendant, and it was therefore competent to prove by this witness that by reason of his inexperience he had no idea of the time an engineer was making, and consequently ran his train recklessly and carelessly. Railway v. Davis, 23 S. W. Rep., 301; Railway v. Mussette, 86 Texas, 708; Hough v. Railway, 100 U. S., 213; Railway v. McDaniels, 107 U. S., 454; Railway v. Guyton, 115 Ind., 450.

GAINES, Chief Justice.—The assignment upon which we granted the writ of error in this case presents a very like question to that discussed in the case of Johnson v. Railway, this day decided by us. We briefly state the case and only in so far as it bears upon the questions we propose to consider. The son of the plaintiff, William Davis, was employed as a brakeman on one of the trains on defendant's road, and while so employed the train upon which he was engaged was run into by another train on the road and he was killed. The action was brought by his father to recover damages for his death. The case was predicated, in part at least, upon the carelessness and incompetency of the conductor and engineer of the colliding train and the negligence of the company in employing them and retaining them in its service.

The name of the conductor was Sam Greene. As bearing upon his competency, a witness was permitted, over the objection of defendant's counsel, to testify as follows: That "Sam Greene was a drinking man," and also that witness "was the brother-in-law of Sam Greene, the conductor, Greene having married his sister; that Greene was a drinking man; that he got drunk every time he got the money; that he was a drinking man and drank to excess; that he never heard Greene's reputation as to his railroad qualities discussed; that he had the reputation of being a lazy, drinking man. That he sold him the liquor with which he got drunk." There was no evidence that the conductor was drunk at the time of the accident, and that he had ever been drunk while upon duty; and we think, under the rule announced in the case of Johnson v.

Railway, above cited, the testimony objected to was clearly inadmissible. A man may be in the habit of getting drunk and may abstain altogether while engaged in business. In such a case the proof of his habit would throw no light upon his competency or care while so engaged. A similar question was before the Supreme Court of Michigan in Langworthy v. The Township, 88 Michigan, 207. The court state the point and dispose of it in the following language: "Plaintiff was asked on cross-examination if he had been drinking that evening, and he replied that he had taken one glass of beer. Defendant introduced a witness, and asked him what he could say as to plaintiff's being a drinking man—whether he was addicted to the use of liquors. This testimony was properly excluded. The question is, what was plaintiff's condition as to sobriety at the time of the accident? It can not be assumed that a drinking man, or one addicted to the use of liquors, is always drunk, or always in a condition which excludes the possibility of the exercise of due care." See also Heland v. Lowell, 3 Allen, 407; McCarty v. Leary, 118 Mass., 510.

Nor, in our opinion, did the fact that a rule of the company provided that "the use of intoxicating liquors is strictly forbidden," and declared that "total abstinence is necessary to safety in operating the road," make a difference in the case. It is clear that occasional use of intoxicating liquors while not on duty would not affect the competency of an employee. The rule was doubtless adopted out of abundance of caution, and should not be invoked to show negligence on part of the company. The same may be said of the testimony of an officer of the company to the effect that if it had been known that Greene was in the habit of drinking to excess he would not have been employed, and that if he was a habitual drunkard, he had no business on the train. If a habitual drunkard, under the rule of the company he was improperly employed, but it does not follow that from his habit he was necessarily reckless or incompetent.

In course of the trial a witness was permitted to testify: "I left San Antonio with Sam Greene as my hind brakeman either in the fall of 1884 or the spring of 1885, ran from here to Harwood, and then from Harwood to Gonzales; I pushed the train down from Harwood forward of the engine; we loaded some stock and then pushed down to the depot to get our orders and waybills. Greene and I and the other brakeman went up to the engine, and while we were standing there Greene suggested setting the switch off the main track, on which we were standing, onto the side track and let George H.'s train in, as he was almost due from Harwood. I said 'No; you hang the red light on the hind end of the engine and leave the switch where it is, and if he wants to throw the switch, he can do it himself.' I then proposed that we go to supper and paid no attention to Greene; Sullivan, the foreman, and I went to the boarding-house to get something to eat. Then we went up to the office and found a telegram for me to go on, so I got my orders, and by that

time it was after dark, and when we came out I supposed that everything was all right and just as I had ordered it, but I asked Greene in particular as I stepped in the caboose to get my lamp: 'Greene, is everything all right?' He said yes; then I stepped out and gave the signal to start. We ran off the track at the switch, which was found to be open. Greene acknowledged to have done it. It took me several hours to push the cars back and give my engine a chance to work and get her on the track. This was the first case that I saw of his recklessness, carelessness and disobedience." It is well settled that the character of carelessness of a person can not be proved by a single act of negligence. "The reason is, that special acts very often exhibit frailties or vices that are contrary to the character which actually exists; since the very frailties proven against a man may have been subsequently regarded by him in so serious a light as to have produced an amendment of his character in the given particular; besides, ordinary care does not exclude occasional acts of carelessness, such as all men are liable to commit." 2 Thomp. on Neg., 1054, citing Frazier v. Railway, 38 Pa. St., 104. If there had been competent evidence that Greene was a careless employe, then, in our opinion, the testimony would have been admissible to show that the company was chargeable with knowledge of his character in that respect. See opinion of Judge Fly on former appeal in this case, 23 Southwestern Reporter, 305. But it seems to us that there was an absence of competent proof that prior to the accident Greene was a careless conductor, and that therefore the evidence ought to have been excluded.

It is also assigned that there was error in permitting a witness to testify as follows in regard to Henry, the engineer in charge of the train at the time of the accident: "I knew Thomas Henry when he was employed on the road as a fireman and afterwards when he ran an engine. He pulled my train very often. The conductor is in charge of the train. The crew usually consists of an engineer, fireman, two brakemen, and a conductor. He differed in a good many respects from an ordinary competent engineer. He had no more idea of speed than a three-year-old boy. He would pull a train down hill just as fast as he could turn a wheel. I know that he would do this, because he did it every time he pulled my train. I am not an engineer and never ran an engine."

The case was predicated in part upon the negligence of the company in employing and keeping in its employment as an engineer Henry, who was alleged to be negligent and incompetent and whose negligence was alleged to have caused the death of plaintiff's son. We think that upon the issue of his general negligence and incompetence, the evidence was admissible. The testimony of the witness showed that he was an experienced railroad man, and that Henry had frequently operated trains of which he was conductor. Though not an engineer himself, he was, in our opinion, competent to judge whether a train was or was not properly operated by the engineer in charge. He states the

facts, from which a jury might infer that the engineer in question was incompetent or habitually reckless. The testimony is not as to a single act of negligence, but as to a habitual course of negligent conduct during the time in which he was employed as an engineer for the company. Gahagan v. Railway, 1 Allen, 187; Railway v. Ruby, 38 Ind., 294.

The other assignments presented in the Court of Civil Appeals were correctly disposed of by that court.

For the errors pointed out in this opinion, the judgment of the Court of Civil Appeals and that of the District Court are reversed and the cause remanded for a new trial.

*Reversed and remanded.*

DENMAN, Associate Justice, did not sit in this case.