## St. Louis Southwestern Railway Company v. J. G. Ball.

### Decided February 15, 1902.

**1.—Passenger—Contributory Negligence—Charge.**

In an action by a passenger for personal injury, a charge that it is not negligence per se for a passenger to stand on the platform of a moving car is erroneous as on the weight of evidence, although it is further added that the jury should determine from all the circumstances whether he was guilty of negligence.

**2.—Same—Requested Charge.**

Where the court has omitted any charge on contributory negligence, though the evidence warrants it, a requested charge on the subject, erroneous in assuming that standing on the platform or violating a rule of the company is negligence per se, will suffice to call attention to the omission and require a proper charge.

**3.—Same—Degree of Care—Charge.**

A charge that if plaintiff was standing on the platform, leaning against the door, and the porter, at the time of opening the door, did not see him and could not have seen him by the use of reasonable diligence, etc., defendant was not

liable, was erroneous as to the degree of care, since the porter was negligent in opening the door at the time only if he knew or had reason to anticipate that the passenger was leaning against it.

**4.—Damages—Evidence Too Remote.**

Upon an issue as to the amount of damage caused by an injury to a physician's hand disabling him from obstetrical practice, evidence by a physician practicing in another neighborhood as to what proportion of the latter's practice was of that character was too remote.

**5.—Evidence—Conclusion.**

Statements by a witness which are merely his conclusions, as that plaintiff was suffering intense pain, are inadmissible over objection made thereto.

**6.—Charge of Court—Request.**

A requested charge should be given or refused as asked, without addition thereto by the court.

**7.—Same—Issue—Evidence Slight.**

Although the evidence upon an issue be slight, it may suffice to require a charge thereon where such charge is requested.

Appeal from Dallas.   Tried below before Hon. T. F. Nash.

*E. B. Perkins* and *Gilbert & Bonner,* for appellant.

*W. T. Henry* and *Mathis & Freeman,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued to recover for personal injuries alleged to have been occasioned to him by the negligence of appellant's servants.

We take from appellant's brief the following statement of the pleadings, which is sufficiently full and comprehensive for an understanding of the issues raised, viz: Plaintiff alleges that on the 17th of September, 1899, he was a passenger on appellant's train from Commerce to Carrollton, and was in a very nervous condition, suffering from a bone felon. That the conductor had told him the train did not stop at the depot at Carrollton, but would run to the crossing, where plaintiff would have to get off, about 200 yards from the depot, and after leaving Plano said conductor told appellee that he wanted him to be ready, and when the train whistled to get up and go out of the coach on the platform so he could get off without delaying the train. That presently the whistle blew for a station, and appellant having failed to announce the name of it, appellee, believing that it was Carrollton, went out on the platform. That the negro porter came out of the door in a rushing manner and shoving plaintiff to the left, and at the same time violently closed the door and caught three fingers between the door and the door facing, and thereby caused the alleged injury. That plaintiff made a great effort to release his fingers, and in doing so threw out his right hand, on the little finger of which the bone felon was, and struck it against the iron railing around the car platform, thereby causing great injury, etc. That he was a physician, and his fingers being injured, he can not successfully perform obstetrical operations. That he was earning

$250 per month, and by reason of his injuries he was damaged to the amount of $16,000.

Appellant answered by general demurrer, general denial, and that appellee contributed to his own injury by refusing to keep his seat in the car, when there were ample accommodations, and after repeated requests from the conductor to remain inside the coach and off the platform, refused to do so, but willfully persisted in standing on the platform, while the train was in rapid motion, and after notice that it was dangerous, and when he was not near his destination, and after the conductor had told him to keep his seat, and he would advise him when he reached his destination. That appellee negligently failed to care for or procure treatment for his fingers for several days after the accident, and his negligence greatly aggravated his condition, and further aggravated it, and the bad condition of his blood, by the excessive use of intoxicants.

Appellee recovered judgment for $500.

The court charged the jury that "It is not negligence of itself for a passenger to stand on the platform of a car, but it is for you to determine from all the circumstances of the case whether or not plaintiff was guilty of negligence." This charge is complained of on the ground that it is upon the weight of the evidence. The charge is not free from criticism. Standing on the platform of a moving train may or may not be negligence, which is to be determined by the jury from the circumstances of the particular case. The statement that it was not in itself negligence was calculated to mislead the jury. Nor do we think the error was cured by the remainder of the paragraph, for it does not specifically tell the jury that they were to determine from the evidence whether or not *standing on the platform was negligence,* but it was for them "to determine from all the circumstances of the case whether or not the plaintiff was guilty of negligence." The jury may have construed this as meaning that standing on the platform was not negligence, but that other circumstances were to determine the question of negligence. The learned trial judge doubtless had the correct rule in mind but he failed to properly express it. As expressed it was calculated to mislead the jury.

Various special charges were requested by appellant's counsel which defined contributory negligence and attempted to apply the law to the facts on this issue. The charge of the court was general and did not define contributory negligence, or charge affirmatively on this issue applying the law to the evidence. Appellant introduced evidence in support of its plea of contributory negligence to the effect that appellee had been warned by the conductor that it was dangerous to go out on the platform, that it was contrary to the rule of the company, and for him to keep his seat and he would be told when his station was reached. The charges requested were not, in our opinion, correct in assuming that it was negligence on the part of appellee in standing on the platform and

in violating a rule of the company. Neither is error, per se, but for determination by the jury. Bonner v. Railway, 79 Texas, 531; Railway v. Connell, 3 Texas Ct. Rep., 933, and authorities cited.

But said charges were sufficient to call the attention of the court to the defenses pleaded and the evidence relating thereto, and the court should have properly instructed the jury applying the law to the evidence. If appellee was warned as stated, and being on the platform was dangerous, and his being there was under the circumstances negligence and the proximate cause of the injury, then he was guilty of contributory negligence and the jury should have been so told. If he was on the platform at the invitation of the conductor, as stated by him, then his being there was not necessarily negligence. The evidence was conflicting, and it was a question for the jury to determine from the evidence which theory was correct, and the court should have submitted the defenses of appellant grouping the facts, especially as special charges were asked calling his attention to the omission. Railway v. McGlamory, 89 Texas, 635; Neville v. Mitchell, ante, p. 89, and authorities there cited.

The following special instruction was requested by appellant, viz: "If the jury believe from the evidence that the plaintiff was standing on the platfrom, and the porter, at the time of opening the door, did not actually see the plaintiff was leaning against the door, and that plaintiff began to fall backward, and that then the porter, in order to prevent plaintiff's falling, shut or attempted to shut the door, and thereby plaintiff was damaged or injured, then the injury was the result of an accident for which defendant was not liable."

The court modified it by interlineations so as to read: "If the jury believe from the evidence that the plaintiff was standing on the platform, and the porter, at the time of opening the door, did not actually see the plaintiff, *and that he could not have seen plaintiff by the use of reasonable diligence,* and that plaintiff was leaning against the door, and that plaintiff began to fall backward, and that the porter in order to prevent the plaintiff from falling, shut or attempted to shut the door, and thereby plaintiff was damaged or injured, then the injury was the result of an accident for which the defendant was not liable." The interlineation consisted in the insertion of the following language, "and that he could not have seen the plaintiff by the use of reasonable diligence." This was duly excepted to and the proper assignment of error made thereon. We are of the opinion that the court erred in interlining the charge as stated. As a general rule the court should give or refuse the charge as requested. It is improper to change a charge requested without the consent of the party asking it, and give it as a charge of the party requesting it. We are the opinion, however, that the charge given and the one requested were incorrect. The requested charge assumes that appellee was leaning against the door. The evidence conflicts on this point. The porter testified that appellee was leaning

against the door when it was opened, while appellee testified that the porter opened the door and pushed him to one side and closed the door, which caught his fingers, etc.; and also in telling the jury without qualification that the shutting of the door to prevent the fall, if done for that purpose, would prevent a recovery. The charge given was erroneous in this last particular, and also in the language interlined. The issue on this point was whether or not, if appellee was leaning against the door, the porter knew that fact or had reason to anticipate that he was so leaning, and whether or not the porter, in closing the door, used the care that an ordinarily careful and prudent person would have used under the circumstances. The jury should have been told in substance that if they believed from the evidence that appellee was leaning against the door, and at the time it was opened the porter knew or had reason to anticipate that appellee was so leaning, and if they further believed that when the door was opened the appellee started to fall and the ported closed the door to prevent appellee from falling, and in so closing the door the porter used that care that an ordinarily careful and prudent person would have used under the circumstances, then plaintiff could not recover.

Appellant's fourth assignment of error is: "The court erred in admitting appellant's witness, Dr. Blackburn, who resided at Carrollton, in Dallas County, Texas, to testify what proportion of his practice in the locality of his residence was obstetrical cases, over the objection of appellant; that it was not confined to the territory in which appellee practiced, there being no testimony to show the relative density of population, the time when either community was settled, the size of the towns or the neighborhood, within their respective ranges of practice, nor any other reasonable means of comparison." This testimony, we think, was inadmissible. The appellee did not live at Carrollton, nor was there any evidence upon which a comparison could be based as to the amount of obstetrical practice done at the place where appellee was residing and that done at Carrollton. Appellee testified that he intended locating at Carrollton, but he had not done so, and there is no way of telling or estimating what proportion of the obstetrical practice he would receive at that place if he did locate there.

The court erred in refusing appellant's eighth requested charge, which was "For all the suffering, if any, either mentally or physically, which plaintiff could have prevented by the exercise of prudence and reasonable care, treatment, and attention to his fingers that were hurt, if any, by the negligence of defendant's servants, he can not recover anything, and if you believe from the evidence that plaintiff's bone felon was not bruised and injured at the time of the accident, then you will not consider the bone felon or the condition of the hand on which the bone felon was, either then, thereafter, or now, or the suffering he may have endured therefrom, in arriving at your verdict, whatever may be your findings as to the accident on the other hand of plaintiff." There was slight evidence tending to show that the bone felon was not

bruised, and that it had been neglected. Though slight, in our opinion the evidence was sufficient to require the charge requested.

Appellant complains of the action of the court in refusing to strike out and exclude the following interrogatories and answers of a witness: "Int. 8. State, if you know, the extent of the injuries sustained by plaintiff while on said train? If so, then describe them in detail. Did you observe any evidence of plaintiff's suffering from said injuries? If so, what were they?" The witness answered: "Plaintiff was suffering intense pain from the accident. I noticed his hand was in a very bad condition." The witness testified by deposition and the proper motion was made to suppress. The court erred in overruling the motion to exclude the answers. The objection that the questions were leading is not tenable. The witness did not answer the interrogatory as to knowledge and state facts as to the injury, but his answers were mere conclusions and not responsive to the interrogatories as propounded.

For the reasons set forth the judgment will be reversed and the cause remanded.

*Reversed and remanded.*