## J. W. BROWNE v. J. A. BACHMAN ET AL.

Decided February 11, 1903.

**1.—Negligence in Law—City Ordinance—Excavation in Highway.**

A city ordinance imposing a penalty upon one making an excavation in the highway and leaving it unfenced was admissible against a defendant other than the city, in a suit by one injured by falling therein, its effect being to make such act negligence in law.

**2.—Same.**

. Such ordinance did not make the act of the city itself negligence in law, but was admissible against the city on the issue of its negligence, upon the same principle as are the rules of railway companies for the government of their employes.

**3.—Contributory Negligence—Notice of Defect—Charge.**

A charge that a plaintiff suing for damages from falling into a ditch in the street could not recover if he had notice of its existence was erroneous, since he might have known it was there without knowing it was left unfenced.

**4.—Evidence—Plaintiff's Intoxication.**

Proof of drunkenness or habitual excess in the use of intoxicants on other occasions by plaintiff was not admissible on the issue of his drunkenness on the occasion of his injury.

Appeal from the District Court of Caldwell. Tried below before Hon. L. W. Moore.

*McNeal & Ellis,* for appellant.

*E. B. Coopwood* and *M. C. Jeffrey,* for city of Lockhart.

*A. B. Story,* for appellee Bachman.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit against J. A. Bachman and the city of Lockhart, to recover damages caused by the plaintiff's stepping into a ditch in the nighttime in a public street within the corporate limits of the city of Lockhart. The trial in the court below resulted in favor of the defendants, and the plaintiff has appealed.

We sustain the first assignment of error which complains of the ruling of the court in not permitting the plaintiff to introduce in evidence an ordinance of the city of Lockhart, plead by him in his petition, and which he charged the defendants with violating. The ordinance referred to reads as follows:

"Chapter 2. Article 31.—Anyone who shall dig or cause to be dug, any excavation on or adjoining any highway, street, alley or sidewalk, or upon any uninclosed lot or square within the limits of this city, and shall leave the same unfenced, or not securely covered, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than one nor more than five dollars."

We hold that this ordinance was valid, and if the defendant Bachman violated it, such violation on his part was negligence per se; and if as a result thereof the plaintiff was injured, without fault on his part, Bachman will be liable to him for such injury. Tobin v. City of Cor-

sicana, 57 S. W. Rep., 319, 23 Texas Civ. App., 492; Sullivan v. City
National Bank, 65 S. W. Rep., 40, 27 Texas Civ. App., 359; Houston,
B. & N. Railway Co. v. Pollard, 66 S. W. Rep., 851, 28 Texas Civ.
App., 172.

However, as the city of Lockhart is a municipal corporation, we hold
that the ordinance does not apply to it; and therefore a violation of the
ordinance would not, as against the city, constitute negligence per se.
Ritz v. City of Austin, 1 Texas Civ. App., 455; Fleming v. Loan
Agency, 87 Texas, 238; Seawright v. City of Austin, 42 S. W. Rep.,
857.

As a matter of fact, it can not successfully be contended that, because
the city of Lockhart granted Bachman a franchise which authorized
him to excavate in the streets for the purpose of putting in a water-
works plant, therefore it would be a party to Bachman's failure to com-
ply with the ordinance. If the city is liable at all, such liability must
rest alone upon the theory that Bachman failed to properly guard the
excavation, and that, after due notice thereof, the city failed to exercise
reasonable diligence to accomplish that purpose itself.

However, we think the ordinance was admissible against the city it-
self upon the issue of negligence vel non, upon the same principle that
rules and regulations made by railway companies for the guidance of
their employes are admissible against such companies upon the issue
of negligence.

We also sustain some of the criticisms urged against the fifth para-
graph of the court's charge. It assumes that the plaintiff could not
recover, if he had previous notice of the existence of the ditch; whereas,
he might have known that the ditch had been dug, but had no notice
of the fact that it had not been securely covered, as authorized by the
city ordinance. Of course, if he knew that an open ditch was there,
and voluntarily stepped in it, such conduct on his part would prevent
a recovery if it constituted contributory negligence.

Said paragraph of the charge was also somewhat confusing, as pointed
out in appellant's brief.

We also sustain the eleventh assignment of error, which complains of
the action of the court in permitting the defendants to prove that for
the last fifteen or twenty years the plaintiff had been addicted to exces-
sive use of intoxicants. Whether or not the plaintiff was drunk on the
occasion in question was a legitimate inquiry, but proof of drunkenness
or the excessive use of intoxicants on other occasions was not admissible.
Railway Co. v. Johnson, 92 Texas, 380; Railway Co. v. Ives, 6 Texas
Ct. Rep., 410.

Assignments presenting other questions of law are overruled; but
this, however, does not involve any expression of opinion by this court
upon the merits of the case as developed by the testimony.

For the error indicated, the judgment is reversed and the cause re-
manded.

*Reversed and remanded.*