MASON v. MISSOURI, K. & T. RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Dallas. Nov. 9, 1912.)

1. CARRIERS (§ 345*)—CARRIAGE OF PASSENGERS—INJURY TO PASSENGER—EVIDENCE—PRIOR OR HABITUAL DRUNKENNESS.

Though, in an action for injuries to a passenger on a railroad train, alleged to have been caused by the sudden starting of the train when he was preparing to leave it, the question of the plaintiff's sobriety at the time of the alleged injury was in issue, testimony of prior or habitual drunkenness was improperly admitted, as such testimony could in no manner prove or disprove that drunkenness did or did not contribute to the injury on the day in question.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1400; Dec. Dig. § 345.*]

2. WITNESSES (§ 414*)—EVIDENCE—ADMISSIBILITY—CORROBORATION.

Where, in an action for injuries to a passenger, the testimony of the plaintiff as to how the accident was caused was impeached by evidence of statements made by him after the injury, tending to show that he himself was the cause of the accident, evidence of other statements after the injury, offered in behalf of the plaintiff, should have been admitted in corroboration of the impeached testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1287, 1288; Dec. Dig. § 414.*]

3. WITNESSES (§ 287*)—REBUTTAL TESTIMONY—EXPLAINING INCONSISTENCIES.

Where the testimony of plaintiff had been impeached by the witnesses for the defendant, a refusal to permit him, on rebuttal, to testify to any fact tending to explain any conflicts in the testimony was improper.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 930, 1000-1002; Dec. Dig. § 287.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by G. W. Mason against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Evans & Carpenter, of Greenville, for appellant. Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellee.

RASBURY, J. Appellant instituted this suit against appellee to recover damages for personal injuries alleged to have been inflicted upon him while a passenger upon appellant's train at Celeste, in Hunt county, Tex. The claim is made that when the train stopped at Celeste appellant arose, with baggage in hand, preparatory to leaving the cars; that as appellant arose the train made an unnecessary and unusual jerk; or that just as it stopped, and as appellant arose, the appellee's employés negligently stopped its train with a sudden and unusually quick stop, or started same after stopping and made a second stop jerking appellant forward and throwing him down with great force and violence, rendering him temporarily uncon-

scious, and inflicting upon him serious and permanent injuries.

Appellee answered by exceptions, general denial, and that appellant was guilty of contributory negligence in arising from his seat and attempting to stand or walk before the train stopped, and in that at said time he was voluntarily intoxicated to the extent that his power to control his muscles, balance himself, and stand or walk was destroyed.

Trial was had before a jury and a verdict returned for appellee, upon which judgment was accordingly entered, and from which this appeal is taken.

[1] Appellant, by his first, eighth, ninth, tenth, and eleventh assignments of error, complains of the admission of testimony, over his objection, tending to prove habitual drunkenness and the use of intoxicants by appellant on other occasions. On cross-examination of Dr. Pierson, witness for appellant, who had testified he had known appellant for a number of years, appellee asked: "You have seen him when he was in a state of intoxication before this? Well, I have seen him under the influence of whisky. Never saw him drunk. Have seen him under the influence of whisky, not often—not more than three or four times in 12 years." While Steve L. Green, witness for appellee, was testifying, appellee asked: "Had you seen Mr. Mason before when he was drinking?" to which witness responded, "Yes, sir." Lowery Glascoe, witness for appellee, who had known appellant a number of years, was asked by appellee: "Had you ever seen plaintiff intoxicated before this time?" He responded, "I had seen plaintiff intoxicated three or four times in Celeste since I had known him." Jim Landers, witness for appellee, on direct examination, after testifying that he was living with appellant when the alleged injury occurred, and had been three or four months, was asked by appellee: "During the time you lived there, did you ever see Mr. Mason [plaintiff] intoxicated?" He answered: "Yes; I believe twice." George Gooch, witness for appellee, after testifying he had known appellant 7 or 8 years, was asked by appellee, "Had you ever seen the plaintiff intoxicated before the time you saw him the day he was hurt?" and answered, "I had seen him intoxicated two or three times before." Appellant objected to this testimony as immaterial, irrelevant, and calculated to prejudice him before the jury. The trial court, in each instance, overruled the objection, and appellant saved his exceptions, and has presented same here by proper bill and assignment. Appellee, in reference to the admission of the testimony, asserts that proof of former habitual drunkenness was admissible in rebuttal to impeach plaintiff's statement that he did not get drunk, was harmless, and was admissible in any event to corroborate the statements of the witnesses that

he was, in fact, intoxicated on the day of the accident. Under the pleading appellant's condition of sobriety at the time of the alleged injury was unquestionably a legitimate inquiry, since it may or may not have contributed to his injury. But we think it equally clear that prior or habitual drunkenness could in no manner prove or disprove that drunkenness did or did not contribute to his injury on the day alleged. Browne v. Bachman, 31 Tex. Civ. App. 430, 72 S. W. 622; Railway Co. v. Davis, 92 Tex. 372, 48 S. W. 570; Railway Co. v. Evanish, 61 Tex. 6; Railway Co. v. Rowland, 82 Tex. 166, 18 S. W. 96.

The cases we have cited state the correct and settled rule, and render a discussion of the matter unnecessary, and make it clear that the testimony complained of was not only inadmissible, but presumably harmful. To permit the introduction of the testimony for the purpose of impeaching appellant's statement that he had never been drunk would be to try the case on collateral issues—the identical thing which the cases cited hold may not be done. The fact that appellant had been drunk or intoxicated on former occasions could have no legitimate bearing upon the question of his negligence on the day of the alleged injury.

[2] Appellant's fifth assignment of error complains of the exclusion of certain testimony offered by him in rebuttal. It appears from the record that appellee proved by the witness Neub Stephens, who, in the absence of a physician, washed and bathed appellant's wounds, that appellant stated, while the witness was so engaged, that "he had a bottle too much of beer, he guessed, and said he got up a little too quick to get off the train, and when the train stopped he fell." It further appears from the record that defendant proved by its witness Lowery Glascoe, who was constable of the Celeste precinct, that when appellant got out of his son's buggy "the plaintiff [appellant] was talking about getting hurt when they drove up. He [appellant] said it was not their [meaning appellee's] fault. 'It was my own fault.'" After these witnesses had testified, Dock Mason, son of appellant, was placed upon the witness stand by appellant in rebuttal. This witness testified that he met his father (appellant) at the train and walked with him from the depot to where his horse and buggy were hitched; that he then drove to a gin or lumber yard with one Joe Andrews and delivered him a bottle of whisky; that afterwards he rejoined his father at the drug store, where his wounds were being dressed. At this point in the examination the witness was asked: "Did you on that occasion, either at the train or on the way up town, have any conversation with your father as to how he came to fall, or hear him relate how he came to fall?" Counsel for appellee objected to this question, and the objection was sustained and the witness not permitted to answer. The bill of exception shows that the witness would have testified "that on said occasion plaintiff [appellant] did relate to him, and in his presence and hearing, how he came to fall and hurt himself in the train, and in that connection stated that he arose as the train stopped, turned and reached for his grip, and that just as, or just after, the train stopped it started suddenly forward with a jerk and immediately stopped with a jerk, and the jolt threw him down, and he struck his face against some part of a chair or seat." We think the court erred in excluding the testimony. It is well settled that, the plaintiff's testimony having been impeached by proof of contradictory statements made by him in relation to his injuries, he is entitled to corroborate his own testimony by statements made to others corroborative of what he has testified to. To permit the witnesses to contradict him by proof of what he told them and refuse to permit other witnesses to corroborate him by the same process, it seems to us, would be palpably unjust. We do not mean to say that the trial court might not exercise its discretion about the scope and extent of such testimony; but that question is not raised by the record in this case. The admission by him that it was his fault that he suffered the claimed injury was important and conceivably vital to his cause of action, and for that reason we cannot conclude the error was unimportant or harmless. Railway Co. v. Hawk, 30 Tex. Civ. App. 142, 69 S. W. 1040; Railway Co. v. Sizemore, 53 Tex. Civ. App. 491, 116 S. W. 403.

[3] We are also of opinion that the court erred in refusing to permit appellant to testify in rebuttal to any fact tending to explain any apparent or real conflicts in his testimony concerning the contents of his "grip" or valise. His testimony on direct examination as to how much beer and whisky the grip contained had been impeached by the witnesses for the appellee, and he should have been given the opportunity to make such explanation as he could. Dooley v. Boiders, 128 S. W. 690.

We do not think the charge of the court, submitting the question of appellant's intoxication as the proximate cause of the alleged injury, is subject to the criticisms directed against it. We think the testimony was sufficient to warrant the court in submitting to the jury whether or not the accident was the result of the fact that appellant was in such state of intoxication as to destroy his power to control his muscles and balance himself and stand or walk steadily.

Holding the views expressed, we conclude that the several errors of the court in the trial of the case were harmful to appellant, and it becomes our duty to reverse and remand the case, which is accordingly directed.

Reversed and remanded.