PANHANDLE & S. F. RY. CO. v. VAN ARSDEL. (No. 2081.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1923.)

1. Master and servant ⬛288(5), 289(19) — Assumption of risk and contributory negligence of trucker using unblocked running board held for jury.

Where plaintiff, a railway trucker assisting in unloading freight from car, knew another employee had gone for the bolts with which to block the running board, and after loading his truck was told by his foreman to go ahead, and there was evidence that it was the duty of the foreman to see that the running board was safe before giving the order to go ahead, it could not be said as matter of law that plaintiff should have kept in mind while loading his truck the matter of the blocking of the running board, so as to charge him with negligence or assumption of risk in using the unblocked running board.

2. Appeal and error ⬛1062(1), 1068(1)—Errors in charge and in submission of issue in too general way held harmless when specific issues answered against appellant.

Any errors in a charge on assumed risk or in the submission of the issue of assumed risk in a too general way were harmless where the court submitted specific issues as to whether railway trucker knew running board was not blocked, whether the fact that bolts had not been placed therein was open and obvious, and whether a person in the exercise of ordinary care would have learned that the bolts

had not been placed in the board; all of which were answered against appellant.

**3. Trial ⬥⟹352(5)—Special issue not error because assuming undisputed fact.**

Where it was undisputed that the failure to block a running board used in unloading freight from a car was the cause of its slipping, a special issue was not erroneous because so assuming.

**4. Trial ⬥⟹352(5)—Special issue assuming fact submitted in another issue not error.**

A special issue in an employee's action for injuries was not erroneous because assuming that the failure to block a running board used in unloading freight was the proximate cause of plaintiff's injuries where another issue submitted the question of proximate cause.

**5. Trial ⬥⟹352(1)—Special issues held to sufficiently present question of contributory negligence.**

In railway trucker's action for injuries sustained while unloading freight through the slipping of a running board, special issues as to whether plaintiff was negligent in attempting to pull the truck on the running board without looking to see if it was blocked, and whether a person in the exercise of ordinary care would have learned that bolts had not been placed in the running board, *held* to present sufficiently the question of contributory negligence.

**6. Witnesses ⬥⟹396(2)—When written statement offered to impeach plaintiff he could prove all that was said at the time.**

A written statement obtained from an injured employee by a claim agent concerning circumstances of the accident was not within the parol evidence rule, and, where it was introduced to impeach the employee's testimony, he could state all that passed between him and the claim agent at the time in explanation thereof.

**7. Witnesses ⬥⟹406 — Testimony concerning self-serving declaration admissible where it might be reasoably concluded that it was the same statement testified to by defendant's witnesses.**

In an employee's action for injuries, testimony that shortly after the accident he said he did not know a board which slipped was not bolted, and that when he was given a check by his foreman he understood he was expected to go with his truck, was admissible to contradict or explain testimony for defendant that he said he knew another employee had gone after the bolts for fastening the board, but was in a hurry, and forgot about him not coming back, where, though it did not positively appear, it might be reasonably concluded that all witnesses were referring to the same conversation.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by A. J. Van Arsdel against the Panhandle & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, and Terry, Cavin & Mills, of Galveston, for appellant.

Barrett & Works, of Amarillo, for appellee.

BOYCE, J. This suit was brought by appellee, Van Arsdel, to recover damages for personal injuries sustained by him while in the service of the appellant railway company. Plaintiff was employed by the railway company as a trucker, and was engaged in unloading freight from one car through another car to the unloading platform when the running board between the two cars slipped, as plaintiff was moving his truck across it, causing him to fall and sustain the injuries made the basis of the suit. The essence of the negligence alleged and established by the verdict of the jury was in the failure of defendant's foreman in charge of the work to see that the running board was blocked before directing plaintiff to move his truck over it. The fact of the fall, that it was caused by the slipping of the unblocked running board, and that plaintiff was injured thereby, is not in dispute. The defendant contended that the plaintiff knew that the running board was unblocked and unsafe for use in that condition and the questions raised on this appeal, with one exception, grow out of the trial of defendant's pleas of assumed risk and contributory negligence.

The first proposition is that the court should have granted appellant's request for a peremptory instruction because the evidence conclusively establishes the defense of assumed risk and plaintiff's own negligence. The evidence shows that the plaintiff and several other truckers and loaders, working under and accompanied by a foreman, were at the time proceeding to unload a car of freight. The plaintiff and another workman placed a running board, made of sheet iron or steel, in position between the car from which the freight was to be unloaded and another car, through which it was to be taken. It was against the rules of the company to unload freight over a running board without first blocking it. Plaintiff knew this, and that it was dangerous to work over an unblocked running board. The blocking was done by inserting bolts in holes near the four corners of the running board, which bolts would extend through the board and project near the sides of the car or platform on which the board rested. The bolts were dropped into the holes with only the rounded head projecting above the surface of the board, and, while they could be seen by looking closely, their absence would not be apparent at a casual glance. When this running board was put down on this occasion the other workman, with plaintiff's knowledge and with the knowledge of the foreman, went to some other place on the platform to get

---

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the bolts with which to block the board. Plaintiff proceeded to get his truck, and testified, on the trial that, as he was entering the car with the truck, he saw the other man coming with the bolts. He was engaged for a few minutes in loading the truck. The foreman was in the car checking the loads and supervising the work. When the truck was loaded the foreman gave the plaintiff a check slip and told him to go ahead. Plaintiff, pulling the truck, stepped on the running board, which slipped off its resting place on the car, and plaintiff fell to the ground, striking his face and head against the car sill as he fell. Plaintiff testified that he did not know that the board had not been blocked, but supposed that this had been done while he was loading the truck. Several· witnesses testified that plaintiff, immediately after the injury, and afterwards, said that no one was to blame but himself; that he knew that the bolts were not in the board, but forgot it before he started across with the load.

[1] This evidence we think raised a question for the jury. It was the duty of the foreman to co-ordinate the work. He knew that the running board had not been blocked. When the plaintiff went about loading the truck, which was accomplished with some difficulty, because of the fact that the load consisted of a barrel weighing some 700 pounds, it was natural that he might dismiss from his mind the matter of the blocking of the running board, a duty assumed by another. It is a fair conclusion that it was the duty of the foreman to keep this matter in mind, and see that the running board was safe before giving the plaintiff the order to go ahead. And, in determining the issues of assumed risk and the plaintiff's negligence, it cannot be said as a matter of law, under the circumstances, that plaintiff should have kept the matter of the blocking of the running board on his mind. G. C. & S. F. Ry. Co. v. Garren, 96 Tex. 605, 74 S. W. 898, 97 Am. St. Rep. 939; Terrell Compress Co. v. Arrington (Tex. Civ. App.) 48 S. W. 59; C. O. & G. Ry. Co. v. Jones, 77 Ark. 367, 92 S. W. 244, 4 L. R. A. (N. S.) 837, 7 Ann. Cas. 430; notes, Ann. Cas. 1913B, 1197 et seq.

[2] The second proposition complains of the manner of the submission of the issue of assumed risk and the charge given in connection therewith. The charge submitted a general issue as to whether plaintiff "assumed the risk of danger in undertaking to move said loaded truck" across the running board at the time, and gave a charge on assumed risk which copied in part the statement of the law of assumed risk as contained in the opinion of the Supreme Court of the United States in the case of Gila Valley Ry. Co. v. Hall, 232 U. S. 101, 34 Sup. Ct. 229, 58 L. Ed. 521, quoted by this court in the case of Panhandle & Santa Fé Ry. Co. v. Brooks, 199 S. W. 669. The court also submitted spe-

cific issues requiring the jury to find, first, whether the plaintiff knew at the time he started across the running board that it had not been blocked; second, whether the fact that the bolts had not been placed in said running board was so open and obvious that an ordinarily prudent person would have known such fact; and, third (at defendant's request) "whether a person in the exercise. of ordinary care in the discharge of plaintiff's duties at that time would have learned that the bolts had not been placed in said running board * * * before he started to move his loaded truck over the same." The jury answered all these issues in the negative. We think the court's charge on assumed risk was correct, but any errors in the charge and in the submission of the issue of assumed risk, in a too general way would be harmless because the court submitted specific issues as to each of the component facts of the defense, and the answer to these decided the issue of assumed risk against the appellant.

[3, 4] Under the third proposition it is claimed that there was error in the submission of special issue No. 3a because it assumed that the defendant failed to fasten the running board, and that this was negligence, and that this was the cause of the running board slipping and falling, and the proximate cause of plaintiff's injuries. The issues submitted did not, as we construe them, assume that defendant failed to fasten the running board, or that this failure was negligence; those matters were submitted to the jury. It was undisputed that the failure to block the running board was the cause of its slipping. Special issue No. 3b submitted an issue as to whether the negligence referred to in issue No. 3a was the proximate cause of the injury to plaintiff. We therefore overrule this proposition.

[5] The fourth proposition complains of the generality of the submission of the issue of contributory negligence and the refusal to submit defendant's special issues requested thereon. We have examined the charge and the requested issues. Two of the issues requested by defendant were as general as that submitted by the court in the main charge. The court submitted, at defendant's request, two issues, one of which (No. 2) required the jury to find whether the plaintiff was "negligent in attempting to pull said truck upon said running board without looking to see if the same was blocked," etc., and the other (No. 10) required a finding as to whether "a person in the exercise of ordinary care, in the discharge of plaintiff's duties at that time, would have learned that the bolts had not been placed in said running board to hold the same steady before he started to move his loaded truck over the same." We think these issues sufficiently presented the question of contributory negligence, and overrule this proposition.

[6] The plaintiff, while in the hospital, signed an instrument prepared and written by an agent of the railway company which purported to relate the facts in connection with the fall and injury. This instrument states the facts about as we have stated them, with the exception that plaintiff did not there say that he saw his coworker who went to get the bolts returning with them, but said:

"I knew Swafford had gone after the bolts to block the board, but never thought to look to see if he had gotten back and placed them in the board. * * * I do not hold any one at fault for my injury, and same was caused simply by an accident."

The defendant when plaintiff was on the stand, identified this instrument, questioned him about it, and offered it in evidence. Plaintiff, on redirect examination, was permitted to testify that he made the statement in the writing in response to questions propounded by the claim agent, and over defendant's objections testified in part as follows:

"He (the claim agent) asked me if I blamed any one with the accident, and I told him I didn't say that I did, but thought Henry Swafford had ought to be responsible over these boards, or told him he was responsible for the boards that he was using at the time. He was the boss over the men, and I thought that he should see that everything was all right."

The fifth proposition presents a claim of error in the admission of the testimony just quoted. The parol evidence rule, of course, has no application to such an instrument as that signed by the plaintiff. It was introduced to impeach plaintiff's testimony given at the trial. He was, under the circumstances, entitled to state all that passed between him and the claim agent at the time in explanation thereof, Smith v. Traders' National Bank, 82 Tex. 368, 17 S. W. 783 (point not in syllabus); M., K. & T. Ry. Co. v. Walden (Tex. Civ. App.) 46 S. W. 87; P. & N. T. Ry. Co. v. Winkler (Tex. Civ. App.) 179 S. W. 691 (16); Mason v. M., K. & T. Ry. Co. (Tex. Civ. App.) 151 S. W. 350 (3); Jones on Evidence (Horwitz) § 852.

[7] The sixth proposition presents a claim of error in the admission of the following evidence of the witness Robinson, given by depositions:

"Shortly after the accident Mr. Van Arsdel and myself had a conversation about the matter.. He said that he did not know the board was not bolted; that when he was given the check he understood that he was expected to go with his truck; I don't remember any one else being present when he so stated."

Robinson was one of the truckers working with plaintiff at the time he was injured. Two other witnesses, colaborers of plaintiff, had testified in behalf of defendant to statements made by the plaintiff immediately after the injury. One witness, L. H. Fuqua (one of the workmen) testified:

"Mr. Van Arsdel stated to me, just after the accident, in the presence of J. H. Swafford and M. J. Robinson, that he knew that Mr. Swafford had gone after the bolts, and he had forgot about the old man not coming back, and he was in a hurry," etc.

We believe that Robinson's testimony was admissible in contradiction or explanation of the testimony given by A. B. Swafford and L. H. Fuqua. While it does not positively appear that Robinson referred to the same conversation testified about by these witnesses, it may be reasonably concluded that the witnesses were all referring to the same conversation, particularly as Fuqua had expressly stated that Robinson was present when plaintiff made the statement which he testified about. There are some authorities which would sustain the admission of this evidence even if it related to an entirely different conversation at a different time. Mason v. M., K. & T. Ry. Co. (Tex. Civ. App.) 151 S. W. 350; G. C. & S. F. Ry. Co. v. Franklin (Tex. Civ. App.) 155 S. W. 553. A writ of error was granted in the case last cited. Without taking the time to argue the question out to a conclusion, we doubt whether the admission of the testimony may be sustained on this last supposition. See H. & T. C. Ry. Co. v. Fox, 106 Tex. 317, 166 S. W. 693; Ætna Insurance Co. v. Eastman, 95 Tex. 34, 64 S. W. 863; 28 R. C. L. pp. 654–656.

Affirmed.