## GALVESTON, H. & S. A. RY. CO. v. EASTON. (No. 7054.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1923. Rehearing Denied Jan. 16, 1924.)

**1. Trial ☞143—Disputed fact questions must be submitted to jury.**

Disputed questions of fact must be submitted to the jury, which is the exclusive judge of the credibility of witnesses and the weight of their testimony.

**2. Negligence ☞136(14)—Question of fact.**

What constitutes negligence is usually a question of fact for the jury.

**3. Carriers ☞347(7)—Not negligence per se for passenger to stand on platform between cars.**

It is not negligence per se for a passenger to go on the platform between cars and remain there to smoke or for any other lawful purpose, though the vestibule doors are open.

**4. Appeal and error ☞994(2)—No reversal merely because appellee's testimony is contradicted by several witnesses.**

A judgment will not be reversed merely because appellee's testimony was contradicted by several witnesses for appellant, and, even where his conduct stamps his testimony as false, such power will be reluctantly assumed; the credibility of his testimony being for the jury.

**5. Trial ☞260(8)—Refusal of special charge on contributory negligence held not error.**

In an action for injuries to a passenger thrown from a car platform, the doors to which were open, by a violent jerk of the train, refusal of a charge virtually directing a verdict for defendant on the issue of contributory negligence held not error, where the court gave all the instructions applicable, submitted the question whether defendant stood on the steps, and charged as to defendant's duty to grasp grabirons, handholds, or other appliances to keep from falling.

**6. Negligence ☞121(1)—Burden of proof on party alleging negligence.**

The burden of proving negligence is on the party alleging it.

**7. Witnesses ☞406—Testimony as to injured person's statement to physicians held admissible to contradict testimony of adverse witness.**

In a personal injury suit, attending physicians' testimony, as to statements made to them by plaintiff some two hours after the accident, as to how and why it occurred, held admissible to contradict testimony of a witness for defendant as to a statement made at such time.

**8. Evidence ☞128—Injured person's statements to physicians held admissible as made spontaneously without design to fabricate.**

In a personal injury suit, testimony as to statements to attending physicians by plaintiff while writhing in agony held properly admitted as made spontaneously without any de-

sign or intent to fabricate a case against defendant.

**9. Appeal and error ☞302(1)—Reference in motion for new trial to bill of exceptions cannot aid motion.**

Reference to a bill of exceptions not in existence when the motion for new trial was filed cannot aid the motion unless the substance of it is stated therein.

**10. Trial ☞133(3)—Argument as to rejoicing over victory by great corporation over unfortunate plaintiff, if defendant obtained verdict, held not reversible error.**

In an action against a railroad for injuries to a passenger, argument of plaintiff's attorney that, if defendant obtained a verdict, the fact would be flashed over the wires to the ends of the line, and the bells would ring and the whistles blow in rejoicing over the victory "by this great corporation over this poor unfortunate man," held not reversible error, where the court sustained an objection, defendant asked no instruction to pay no heed to it, no prejudice by the jury was shown, and the verdict was not objected to as excessive.

**11. Appeal and error ☞1060(1)—No reversal on argument unless calculated to inflame or prejudice jury.**

A court will not reverse on an argument unless it was calculated to and probably did inflame or prejudice the jury.

**12. Carriers ☞322—Findings as to absence and existence of negligence in different particulars held not inconsistent.**

Findings that a lunge of a train, by which a passenger standing on a car platform was thrown down the steps, was not negligently caused, but that the carrier was negligent in leaving a vestibule door open, held not inconsistent, though plaintiff would probably not have fallen if the train had not been violently jerked; the open door being the direct and proximate cause of the injury.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Action by Evan S. Easton against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, W. B. Teagarden, of San Antonio, and Boggess, Smith & La Crosse, of Del Rio, for appellant.

Sanford & Wright, Ben V. King, and David E. Hume, all of Eagle Pass, and Perry J. Lewis, H. C. Carter, Randolph L. Carter, and Champe G. Carter, all of San Antonio, for appellee.

FLY, C. J. This is an action by appellee to recover damages from appellant, in the sum of $75,520, alleged to have accrued from personal injuries inflicted on him, while a passenger on a railway train belonging to appellant, through its negligence. Appel-

lant pleaded assumed risk and contributory negligence. The cause was submitted to a jury on special issues, and, upon the answers returned thereto, judgment was rendered in favor of appellee for $10,520.

In reply to the special issues submitted by the court, the jury answered: That the train on which appellee was riding, and at a time when he was standing on the platform of a car, was violently jerked; that appellant nor its employees were negligent in giving such jerk or lunge; but that the same was necessary and unavoidable, and the train was handled with the highest degree of care. The jury also found that appellant caused, or permitted, the vestibule doors of the platform on which appellee was standing to remain open while the train was running, and that such act was negligence and directly caused the injuries received by appellee, and that appellee was not guilty of contributory negligence in going upon the platform. The damages were assessed at $10,520. At the request of appellant issues were presented to the jury, which were answered to the effect that appellee was not guilty of contributory negligence, and that appellee fell by reason of the jerk of the train.

The evidence showed that appellee, 48 years of age, was a physician regularly engaged in the practice of medicine in Eagle Pass, Tex., and had practiced medicine there for 18 years. On the night of October 7, 1921, appellee boarded the train of appellant at Eagle Pass, and after seeing that his baggage was in the berth, reserved by him in the sleeping coach, he went into the smoking compartment to smoke, but found it had been arranged for the porter's sleeping place. The compartment was not lighted, and appellee went out on the platform of the sleeping coach, where he found the porter fixing the floors of the vestibule of the sleeping coach, and not to interfere with him appellee stepped over to the platform of the day coach, and just as he did so there was a violent and terrific jerk, and appellee was thrown forward against the day coach, and he caught the handrail with his right hand, but his feet went down the steps, and then he seized the handrail with his left hand, but could not prevent his legs from being thrown under the coach wheels, which severed the right leg entirely below the knee and mashed three toes off the left leg. When the lunge of the train came, appellee was just crossing to the platform of the day coach. Appellee lost his right leg from about 6 inches below the knee and three toes, including the big toe, from the left foot. He was in a hospital for 4 months and suffered excruciating pain. Since losing his right leg and left toes, he has found it dangerous to attempt to use an automobile. He has been changed from a strong, healthy, active, man into a man as decrepit as one of 70 or 80 years of age. Before his injury appellee had earned in 6 months about $2,500, and since the accident he earns about $30 a month.

[1-4] The first, second, third, and fourth propositions are overruled. To have done as appellant contends the court should have done—that is, invade the domain of the jury and take the case away from them—would, under the facts, have been most egregious error. In fact, such practice would scarcely be tolerated in a federal court. As long as the Texas system makes the jury the exclusive judges of the credibility of witnesses and the weight to be accorded their testimony, so long must disputed questions of fact be submitted to juries. As to what constitutes negligence is usually a question of fact, and it will be error to deprive the jury of the privilege of passing upon it. It is not negligence, as a matter of law, for a passenger to go upon the platform between cars and remain there to smoke, or for any other lawful purpose. Whatever may be the rule in other states, the Texas rule is that standing upon the platform of a moving car is not negligence per se. Railway v. Ball, 28 Tex. Civ. App. 287, 66 S. W. 879; Railway v. Christian (Tex. Civ. App.) 191 S. W. 175, writ refused by Supreme Court. These cases clearly enunciate Texas law, and it may not be inappropriate to say that this court has no power or authority to assume that the testimony of appellee, because the witnesses of appellant may have contradicted him, should not be credited. It may be that an appellate court might assume the authority to reverse a judgment on the facts when a party to the suit not only is contradicted by disinterested witnesses, but has by his conduct placed the stamp of falsity upon his testimony; but even under such circumstances such power will be reluctantly assumed. Railway v. Somers, 78 Tex. 439, 14 S. W. 779. In the cited case, as well as in the case of Railway v. Walker, 38 Tex. Civ. App. 76, 85 S. W. 28, decided by this court, the appellee had shamelessly and recklessly contradicted himself and so outraged reason and common sense in his testimony as to shock the conscience of the court, and for that reason, and that alone, the judgment was reversed. Those appellees had amended their testimony to meet the decisions of the courts on former appeals, and it was apparent that the testimony was false. No such case is presented by the facts of this case, and a judgment will not be reversed merely because appellant had several witnesses to contradict the statements of appellee. The jury credited his testimony rather than that of the witnesses of appellant, as they had the right to do.

Through the fifth proposition complaint is made of the action of the court in submitting issues as to the vestibule of the car being open, and it is based on the assumption

that appellee was guilty of contributory negligence by the act of going upon the platform of the car. Such assumption is not supported by the laws of Texas. It has never been declared by Texas statute or Texas decision that, when a passenger goes upon the platform of a car, he is guilty of negligence. Railway v. Harris, 103 Tex. 422, 128 S. W. 897. The proposition is overruled.

[5] The sixth proposition is based on the assumption that the trial court erred in refusing to give a special charge on contributory negligence, which was directly upon the weight of the evidence and virtually an instruction to return a verdict for appellant. The court gave all that was applicable on the subject of contributory negligence. The court also gave a charge requested by appellant, submitting the question as to whether appellee stood on the steps of the coach instead of the platform, as well as a charge in regard to the duty of appellee to lay hold of grabirons, handholds, rods, and other appliances, to keep from falling. The case was fully submitted in its every phase, and the sixth as well as the seventh and eighth propositions which assail the charge are overruled.

[6] The proposition that appellee was called upon to prove that he was not guilty of contributory negligence has no foundation in law. As said in Railway v. Harris, herein cited:

"The rule of law as it is established in this state is that negligence, whether of the plaintiff or defendant, must be affirmatively shown, and this puts the burden on the party alleging it to make it appear, either by evidence furnished by himself, or by availing himself of that furnished by his adversary, or by both."

[7, 8] The tenth and eleventh propositions assail the action of the court in permitting Drs. Hume and Gates to testify to declarations or statements made to them by appellee after he reached the hospital, some two hours after the accident, in answer to questions propounded by Dr. Hume. That statement as to how he fell, and why, is substantially as related by him on the witness stand, and was given as testified by Handley, a witness for appellant, while he was in very great pain. Handley swore, for appellant, that appellee made a certain statement when questioned by the doctor, and appellee was authorized to contradict that testimony by proving by the doctor the statement made to him by appellee. The evidence of Handley, if true, would have tended to impeach the testimony of appellee, and he undoubtedly had the right to show what statement he really made at the time. Mason v. Railway (Tex. Civ. App.) 151 S. W. 350; Railway v. Petersilka (Tex. Civ. App.) 176 S. W. 70; Railway v. Van Arsdel (Tex. Civ. App.) 247 S. W. 920. In connection with the evidence objected to, it may be also stated that it might reasonably be concluded that the statements made to the physician, being so made while the appellee was writhing in agony, were spontaneously made and without any formed design or intention to fabricate a case against appellant, and might on that account have been admissible. Appellee was in no state of mind to concoct a story and utter self-serving declarations. Railway v. Anderson (Tex. Civ. App.) 198 S. W. 795. The two propositions are overruled.

[9, 10] The twelfth and thirteenth propositions are based on the eighteenth and twentieth paragraphs of the motion for new trial, which complain of certain argument of counsel for appellee made to the jury. The two paragraphs are contained in a motion for new trial filed on April 25, 1923, and both refer to certain bills of exception numbered 3 and 5, for their facts. Bill of exceptions No. 3, on which the eighteenth paragraph relies for its facts, was filed on July 21, 1923, and as no facts are stated in the eighteenth paragraph there is not much upon which it can be based. There is no bill of exceptions No. 5, in the record, but No. 4 probably contains what appellant desired to refer to. The bill of exceptions not being in existence when the motion for new trial was filed, a reference to it cannot aid the motion, unless the substance of it is stated in the motion. The only objectionable argument alluded to in the twentieth paragraph is that in which the attorney for appellee stated:

"That if the jury gave the defendant a verdict, the fact would be flashed over the wires from one end to the other of the line, and the bells would ring and the whistles would blow in rejoicing over the victory by this great corporation over this poor unfortunate man."

Upon the objectionableness of that language which alone was brought to the notice of the trial court, appellant must stand or fall in this court.

We do not think that the argument is of such a character as to require a reversal of the judgment; but, if it had been very objectionable, the court sustained the objection to it, and appellant seemed satisfied with the action of the court and made no effort to have the jury instructed not to pay any heed to it. If appellant was not satisfied with the ruling that the argument was improper, an instruction to the jury should have been asked on the subject. Bonner v. Glenn, 79 Tex. 531, 15 S. W. 572; Railway v. State (Tex. Civ. App.) 194 S. W. 462.

[11] If, however, we take all of the argument set out in the bills of exception as being broad enough to properly bring it under review in this court, we do not think that it appears that the argument was of a character that would justify a reversal of the judgment. No prejudice upon the part of the jury is shown by appellant, and no objection is urged on the ground of excess in

the verdict. It must be assumed that appellant is satisfied with the size of the verdict, if any verdict at all in favor of appellee is permissible. A court will not reverse upon an argument unless it is made to appear that it was calculated to inflame or prejudice the jury and did probably have such effect. Counsel disclaimed that he attributed any evil motives or reprehensible conduct to the agents of appellant.

[12] Appellee alleged the negligence of appellant in causing the violent lunge or jerk of the train by which appellee was thrown down the steps, and also alleged that appellant negligently left the vestibule door open so that he went through the door. The jury found that the lunge of the train was not negligently made, but that appellant was negligent in leaving the vestibule door open so that appellee was precipitated through it. There is no inconsistency in such findings, and want of negligence in the lunge of the train did not show want of negligence in leaving the door open. It is true that appellee would not probably have fallen if the train had not been violently jerked, but the wheels could not have crushed his legs if the door had been shut. The door being open was the direct and proximate cause of the injury.

The judgment is affirmed.