HAROLD LONG V. STATE.

No. 24136. October 27, 1948.

Hon. C. D. Russell, Judge Presiding.

E. T. Miller, and Simpson, Clayton & Fullingim, all of Amarillo, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a sentence of five years in the penitentiary upon a conviction for murder without malice. The prosecution is under Article 802-c of the Penal Code.

It is charged, by Count Three of the Indictment, that appellant did, on or about the 18th day of January, 1947, while intoxicated and while under the influence of intoxicating liquor, drive and operate an automobile on a certain public highway in Swisher County, and that while doing so he did, through mistake and accident, kill Mrs. Mattie Rogers by driving said automobile into and causing it to collide with the automobile occupied by Mrs. Rogers.

The State's evidence in the case overwhelmingly supports the charge in all of its phases. The defendant, however, testified in his own behalf and denied being intoxicated. He said that while driving his car in a southerly direction, in a snow, his windshield wiper quit working and he turned around and started back north to Tulia to get it fixed; that, as he did so, something happened to his car, he heard a popping noise, after that he could not control the steering of his car. He said his car ran across the road just as he met the Rogers car; that he collided with them while he had no control of his car. If the jury believed his statement it would be a defense to the charge against him, and they should have found him not guilty. His evidence is contradicted by a number of witnesses who testified in the case, particularly by Mr. Rogers who survived the accident.

In submitting the case to the jury the court defined murder and then, applying the law to the facts of the case, said: "Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant was intoxicated or under the influence of intoxicating liquor *at the time he drove his automobile into collision* with the automobile occupied by Mrs. Mattie Rogers, as charged in the indictment, you will find him guilty and assess his punishment at confinement in the penitentiary for a term not exceeding five years and not less than two, *but if you have a reasonable doubt as to whether he was intoxicated* or under the influence of intoxicating liquor, you will find him not guilty." (Emphasis added.)

A special exception was lodged at that part of the charge which assumed that the accused "* * * drove his automobile into collision with the automobile occupied by Mrs. Mattie Rogers, as charged in the indictment, * * *." In the following section the court told the jury if they found from the evidence that immediately prior to the collision the defendant's car slipped off of the highway and that he attempted to right it and the steering apparatus gave way and prevented him from turning his car to avoid the collision, they would find him not guilty. It is noted that the evidence does not base his defense solely on the proposition that the steering apparatus gave way. In fact, the defendant testified he did not know what gave way, it was only that the result was he could not control his car. Hence, the charge considered as a whole, and given the most liberal construction, does not comprehend his defense. Whether the witness was telling the truth or not was a matter which only the jury could consider and it was the duty of the court to submit the law based on such defense as was presented by his evidence, or that of any other witness in the case. The proposition is too clear to require discussion or to call for the citation of many authorities. It might be said that the statute involved has been before this Court in many cases and it has always been held that, in prosecutions of this nature, the fact of intoxication on the part of the driver of the motor vehicle is an essential element but that there must be with it a causal connection between such intoxication and the death of the deceased. McWhirter v. State, 180 S. W. (2d) 364; see also Norman v. State, 52 S. W. (2d) 1051, and Burton v. State, 55 S. W. (2d) 813.

Intoxication at the time and proof by the State, or finding by the jury under the court's instruction, that there was a death will not in that abstract form support a conviction. The death must be the result of the intoxication and proof must be made

and submitted to the jury of that thing which worked a causal connection between the intoxication and the death. Apparently the court had in mind that the evidence that he ran into her car, as testified to by Mr. Rogers, was uncontroverted. His charge assumes that such was an established fact and the jury had the right to view his charge in that manner. If approved, it would permit the court to find this fact contrary to the evidence given by the party on trial. The accused's testimony was to the effect that it was an accident beyond his control, and one of such a nature which would result independent of his intoxication. His evidence on the subject may appear very weak. In the face of all of the testimony, it may be argued that no jury would have believed him. Nevertheless, it is a right that an accused has to testify in his own behalf, to make his defense by his own evidence, and to have that evidence submitted to the jury and let them pass on his credibility. This privilege was not accorded the appellant in the instant case and, because of that, the judgment must be reversed.

There are other questions raised and brought forward by bills of exception which normally would call for our consideration. Proof of another offense, or misconduct, not connected with that for which the party is on trial is not admissible. In all probability it will not be offered in the event of another trial of this case. Argument of counsel complained of would hardly be indulged again and we do not feel it necessary to give space to a discussion of these bills.

For the error in the charge, the judgment of the trial court is reversed and the cause is remanded.