HAROLD LONG V. STATE.

No. 24686. March 15, 1950.
Rehearing Denied May 17, 1950.

588

*E. T. Miller* and *Simpson, Clayton & Fullingim,* all acting by *E. A. Simpson,* Amarillo, for appellant.

*Joe Sharp,* District Attorney, *Joe L. Cox,* County Attorney, and *H. M. La Font,* Plainview, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged in the count of the indictment upon which the case was submitted to the jury with the offense of murder without malice, such charge growing out of a collision between the Cadillac car driven by appellant, and a car driven by one Rogers in which his wife, the deceased Mrs. Mattie Rogers, was riding.

Such count of the indictment reads in part as follows:

"Harold Long * * * did then and there unlawfully, while intoxicated and under the influence of intoxicating liquor, drive and operate a motor vehicle, an automobile, upon a public highway of this State * * *, and did then and there in the execution of said unlawful act, through mistake and accident, kill Mrs. Mattie Rogers by then and there driving said automobile into and causing it to collide with the automobile occupied by the said Mrs. Mattie Rogers."

Appellant was first convicted of such offense upon a trial in Swisher County, and upon appeal, this court reversed the judgment, the opinion being reported in 152 Texas Crim. Rep. 356, 214 S. W. 2d 303.

Thereafter, the venue being changed, the present conviction was had upon a trial in Hale County. The maximum punishment of five years in the penitentiary was assessed against appellant on each trial.

The material facts are stated in the former appeal and seem to be substantially the same as shown upon this trial.

Upon the present trial, in the court's charge, the jury was informed as to the provisions of Art. 802, Vernon's Ann. P. C., and as to the punishment for murder without malice, and in applying the law, the court instructed the jury as follows:

"4. Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant was intoxicated or under the influence of intoxicating liquor at the time of the collision of his car with the car occupied by Mrs. Mattie Rogers, as charged in the indictment, you will find him guilty and assess his punishment at confinement in the penitentiary for a term not exceeding five years and not less than two, but if you have a reasonable doubt as to whether he was intoxicated or under the influence of intoxicating liquor you will find him not guilty.

"You are further charged, however, that even though you find and believe beyond a reasonable doubt that the defendant

was intoxicated or under the influence of intoxicating liquor when his automobile collided with the automobile in which Mrs. Rogers was riding, if you find and believe that under the same or similar circumstances a reasonably prudent person who was not intoxicated nor under the influence of intoxicating liquor could not have avoided the collision, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

"4a. If you find and believe from the evidence in this case that at and immediately prior to the time of the collision the defendant's car slipped off of the pavement in question as he was approaching the on-coming Rogers car, and that when he attempted to pull it back on the pavement that for some reason unknown to the defendant the car went out of control and while out of control collided with the Rogers' car producing the death of Mrs. Rogers, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

Appellant excepted to such charge as a whole and addressed many exceptions to the particular paragraphs above set out.

Under the decisions, the charge will be construed as a whole, and the exceptions considered in that light. See Ekern v. State, 150 Tex. Cr. R. 319, 200 S. W. 2d 412.

Paragraph 4a was not contained in the charge as originally prepared, but was added in response to the exceptions and request of appellant. The contention that such paragraph of the charge is contrary to the other paragraphs, if correct, will, under the circumstances, be of no avail to appellant. See Warren v. State, 135 Tex. Cr. R. 631, 122 S. W. 2d 301.

The complaints lodged against the charge, as we understand them, are in effect:

(1st) That the charge authorizes a conviction without the jury's finding of a causal connection between the intoxication of appellant and the ultimate death of the deceased.

(2nd) That the charge is too restrictive in that it authorizes conviction upon a finding that appellant was intoxicated if the jury found that the collision could have been avoided by a sober driver under the same or similar circumstances, without requiring a finding by the jury otherwise that appellant drove his car into and caused it to collide with the other car.

(3rd) That appellant's affirmative defense was not adequately submitted by the charge in Paragraph 4a.

As pointed out in the opinion on former appeal 152 Tex. Crim. Rep. 356, 214 S. W. 2d 303, the defense raised by the testimony was that the collision was the result of appellant's losing control of the car. Appellant testified in effect here, as in the former trial, that he did not know the exact cause of his losing control of the car beyond the facts testified to by him and comprehended in paragraph 4a of the charge. The effect of his testimony was that the accident was beyond his control and resulted independently of his condition of sobriety. This defense was submitted in accordance with the testimony of appellant raising such issue and in response to the request of appellant in his exceptions. No error is shown in the overruling of the exceptions raising this contention.

It appears plain that the first paragraph of paragraph 4 of the charge, standing alone, is subject to the exception that it does not comprehend the element of causal connection between the intoxication and the death of the deceased.

The charge as a whole must be condemned for failure to include that element, unless the second paragraph of the charge in paragraph 4 is sufficient to embrace the element of causal connection.

It has long been the holding of this court that in cases of this character causal connection must be shown as well as the death by accident while the accused was committing the offense of driving while intoxicated. Decisions to that effect are cited on the former appeal 152 Texas Crim. Rep. 356, 214 S. W. 2d 303.

The very charge in the indictment is that appellant killed the deceased by driving his automobile into and causing it to collide with the other automobile.

The question therefore to be determined is whether or not the second paragraph of Paragraph 4 of the court's charge requires a sufficient finding by the jury that the intoxication caused the collision resulting in the ultimate death of the deceased.

It is shown without and beyond dispute that the collision between the two cars occurred on the highway while the cars were traveling in opposite directions; that the car in which the deceased was riding was being driven in a proper manner on its righhand side of the highway; that the car, with appellant

at the wheel, collided with such other car on appellant's left-hand side of the highway, and that the death of Mrs. Rogers resulted from such collision.

The disputed issues were: (1) whether or not appellant was intoxicated at the time, and (2) whether such collision was attributable to such intoxication, or resulted independently of such intoxication.

There was testimony in the record to the effect that it was and had been snowing; that the highway was slick, wet and icy; and that the windshield wiper on appellant's car was not operating properly.

These conditions are such as must be anticipated by one who operates a motor vehicle upon the public highways.

In Brewer v. State, 140 Tex. Cr. R. 9, 143 S. W. 2d 599, Judge Beauchamp, speaking for this court, said:

"We have held that an automobile is not a dangerous weapon per se, but when placed under the control of 'alcohol at the wheel and gasoline in the tank' and driven on the highway, the results are so uncertain that the owner agreeing thereto may be held responsible for the resulting death as though he himself had, with his own hands, guided the wheel."

And in the same case, Judge Graves in the opinion on rehearing quoted with approval from Ex Parte Liotard, 47 Nev. 169, 217 P. 960, 961, 30 A. L. R. 63, as follows: "One who is so careless of the rights of others as to use a dangerous instrumentality while incapacitated by drink, or who permits others to do so, as here shown, invites the consequences. He must pay the penalty."

Having driven his automobile upon the highway while intoxicated, as found by the jury, appellant was bound under the law to drive such car regardless of the conditions of the highway, the car or the weather, in the same prudent manner as though he was entirely sober.

If the collision resulted from the wet, slippery or icy pavement, the falling or fallen snow, the faulty condition of the windshield wiper, or even by reason of the loss of control under the conditions submitted as appellant's defense, yet, if such collision could have been avoided under those circumstances if appellant had been sober rather than intoxicated, then a

causal connection is established between the intoxication and the collision and the resulting death.

Such is the effect of the court's charge to the jury. A finding is required that the collision was an accident such as could have been avoided except for the intoxicated condition of the driver.

Though we believe that it would have been more appropriate for the court to have so framed his charge as to require the jury to find that appellant drove his automobile into or caused it to collide with the automobile in which deceased was riding, we are convinced that the charge as given was sufficient to include the necessary element of causal connection between the intoxication of appellant and the ultimate death of the deceased, and to submit the defense that the collision was an accident entirely disconnected from and disassociated with such intoxication.

Appellant's Bill of Exception No. 1 to the overruling of his many exceptions to the court's charge therefore presents no reversible error.

The argument of the district attorney to the effect that appellant drove his automobile into collision with that in which Mrs. Rogers was riding was a fair and reasonable deduction from the evidence from the standpoint of the state, and appellant's Bill of Exceptions No. 3 complaining of such argument is overruled. See 42 Tex. Jur. 264, Sec. 204.

Appellant's Bill of Exceptions No. 4 complains of the argument of the district attorney to the effect that the maximum punishment of five years was inadequate, and the further argument to the effect that appellant showed no remorse. The exception taken as shown by this bill was as to the latter argument only. We are not persuaded that such arguments or either of them were improper. The attorney as well as the court and jury had the opportunity to observe appellant at the time and the attorney had the right to comment upon his demeanor, and the jury to consider such demeanor and to judge as to the correctness of the deduction drawn by the attorney in his argument.

The remaining bills of exception complaining of the argument of the special prosecutor and the admission of evidence have been considered and we perceive no reversible error therein.

The judgment is therefore affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

We have again reviewed the entire record in the light of appellant's contentions, and remain convinced that a correct conclusion was reached originally. No useful purpose would be served in writing further.

The motion for rehearing is overruled.

Opinion approved by the court.