## GALVESTON–HOUSTON BREWERIES, Inc., et al. v. NAYLOR et al.

### No. 12345.

Court of Civil Appeals of Texas. Galveston.

April 10, 1952.

On Motions for Rehearing May 15, 1952.
Second Motion for Rehearing Denied
June 5, 1952.

Barker & Barker, Armstrong, Bedford & Lambdin, Galveston (Owen D. Barker and Griffith D. Lambdin, Galveston, of counsel), for appellants.

Markwell & Stubbs, of Galveston, and Strasburger, Price, Kelton, Miller & Martin, of Dallas, for appellees.

CODY, Justice.

This is an appeal from a judgment for damages for the death of Henry Joe Naylor, Jr., who met his death in an intersection collision between the automobile which he was driving and a truck-trailer being driven by appellant Mazzucco, who was employed by appellant Galveston-Houston Breweries, Inc. The collision occurred about 9:20 p.m., November 7, 1949, about a mile west of Sugarland upon the Houston-San Antonio highway. The judgment awarded the deceased's widow $30,000 and $10,000 apiece to each of his three minor children. The reasonable cost of the funeral expenses was stipulated by counsel.

The Houston-San Antonio highway, at the point where the collision occurred, consists of two, double-lane, parallel, concrete highways which are separated by a gently-sloping, 55-foot wide esplanade. The southernmost of said two highways is technically known as U. S. Highway 59, while the northernmost is known as U. S. Highway 90–A. At this point the highways run approximately east and west, consequently eastern or Houston bound traffic moves over Highway 59, whereas traffic moving westward or toward San Antonio moves over Highway 90–A. The deceased was driving on Highway 59 toward Houston when the collision occurred. Mazzucco was on that portion of Highway 6 which

intersects Highway 59 when the collision occurred.

Highway 6 originates in Galveston and terminates by joining up with the Houston-San Antonio highway. We here present a sketch which graphically shows how Highway 6 joins up respectively with Highway 59 and with Highway 90-A.

It will be noted from the sketch that Highway 6 receives traffic from Highway 59 on its westerly prong and that it feeds traffic to Highway 90-A from its easterly prong. We are not here concerned with the westerly prong of Highway 6 except insofar as it may have afforded the deceased an opportunity to turn off thereon before he reached the intersection with the easterly prong, where the collision occurred.—It might be added here that traffic which is Houston bound does not move over this portion of Highway 6.

It is undisputed that appellant Mazzucco—before he reached the intersection made by the easterly prong of Highway 6 with Highway 59—brought his truck to a full stop. He saw the lights of two approaching automobiles, one of which were the lights of deceased's automobile. The truck was a large, heavily loaded one, and it is not disputed on appeal that there was sufficient evidence to warrant the jury's convicting Mazzucco of negligence in the following particulars, each of which was found to be a proximate cause:

(a) That Mazzucco failed to keep a proper lookout at the time he drove the truck into and across Highway 59.

(b) That he failed to have the truck under proper control.

(c) That at the time he started to drive his truck into and across Highway 59 the automobile driven by the deceased was approaching Highway 6 so closely as to constitute an immediate hazard.

(d) That when Mazzucco started his truck from its stopped position and attempted to drive across Highway 59, deceased's automobile was within such distance of Highway 6 as should have indicated to a person of ordinary prudence, and so forth, that his truck could not make such movement with safety.

The jury convicted the deceased of negligence in the following particulars, each of which was found not to be a proximate cause:

(A) That the deceased failed to keep a proper lookout for automobiles passing over Highway 6.

(B) That as deceased approached Highway 6 he did not have his automobile under proper control.

Appellants predicate their appeal upon 16 points.

As an affirmative defense, appellants pled that the deceased was operating his automobile upon the highway under the influence of intoxicating liquor, in violation of Penal Code Article 802, and that this constituted a proximate cause of the collision.

The court admitted the appellants' evidence in support of their allegations that the deceased was then and there operating his automobile in violation of Penal Code Article 802. This evidence appellants review in their brief under the headings, "(1) The liquor and coke bottles [found in deceased's automobile some 30 minutes after the collision]" "(2) The odor of alcohol", "(3) The blood test" and "(4) Naylor's manner of driving the car."

Appellees in their turn, likewise, review such evidence. We believe no good purpose would be served in reviewing this evidence as we deem it sufficient to have supported the verdict either way—as to whether the deceased, on the occasion in question, was under the influence of intoxicating liquor while he was driving his automobile. The court, evidently being of the opinion that the issues—inquiring whether the deceased was operating his automobile upon a public highway under the influence of intoxicating liquor, and whether the same was a proximate cause of the collision—were not ultimate issues, but merely evidentiary, declined to submit them.

Upon principle we believe the learned trial court was right. In 38 Am. Jur. 884, the rule is stated as follows:

"Intoxication defeats a recovery by the plaintiff for negligence only in so far as it affects the care which he takes for his own safety. Thus, evidence of plaintiff's intoxication is admissible, not as establishing contributory negligence in itself unless it shows that the drunkenness was in such degree as to cause loss of control of the muscles and senses, but as a circumstance to be

weighed by the jury in their determination of the issue whether or not the plaintiff exercised ordinary care for his own safety."

See also 65 C. J. S., Negligence, § 143 page 784.

By force of Penal Code Article 802, a person who operates an automobile upon a highway while under the influence of intoxicating liquor, is answerable to the State criminally. In prosecutions for murder or negligent homicide arising out of fatal automobile accidents, where the accused is charged with violation of the Article in question, the Court of Criminal Appeals holds that the accused is entitled to a charge to the effect that if he was operating his automobile in the same prudent manner as though he were entirely sober, he cannot be convicted of murder or negligent homicide. Long v. State, 152 Tex.Cr.R. 356, 214 S.W.2d 303, Id., 154 Tex.Cr.R. 587, 229 S.W.2d 366; Burton v. State, 122 Tex.Cr.R. 363, 55 S.W.2d 813, on rehearing. The Court of Criminal Appeals fully recognizes that, where there is a *causal connection* between the intoxication of the driver of an automobile and the death of a deceased, the accused is guilty of murder or negligent homicide. But as we read the opinions of the Court of Criminal Appeals, the term *causal connection* is not used in the same sense as *proximate cause* in civil cases, but signifies that if intoxication while so driving an automobile is a contributing factor which may well be short of proximate cause, then under the criminal laws the accused is guilty of murder or negligent homicide.

It is difficult to see how it can be possible for intoxication, which is a state or condition of mind, in and of itself, to qualify as a *proximate cause* of injuries which flow from acts of negligence, which may or may not in themselves be the result of the want of judgment induced by intoxication. Our Supreme Court has recognized this where it has held "Evidence of intoxication, standing alone, does not establish negligence or proximate cause. There must be evidence of other misconduct sufficient to establish, by a preponderance of the evidence, that the person was guilty of performing some act, or failing to perform some act, which an ordinarily prudent person would have performed. Houston & T. C. Ry. Co. v. Reason, 61 Tex. 613; 38 Am.Jur. P. 883, par. 203." Benoit v. Wilson, Tex.Sup., 239 S.W.2d 792, 798; and see Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50.

In a damage suit, a defendant is sought to be held liable civilly. If he can show that he acted as a reasonably prudent person would have under the same or similar circumstances, he has justified his conduct.—There is a practical reason for holding that evidence of intoxication is merely evidentiary and does not present an ultimate issue. That is to say, if the evidence shows any act of negligence which has been plead as a proximate cause, it would be reversible error for the court to refuse to submit an issue thereon independently of an issue of intoxication. But, if that act itself resulted from intoxication, as it well might, it would be unjust to submit the same matter under two different guises.

The Commission of Appeals sustained a judgment which was based upon a finding that intoxication while operating an automobile upon a public highway was a proximate cause, in Peveto v. Smith, 134 Tex. 308, 133 S.W.2d 572. But it not infrequently happens that evidentiary issues are not objected to, and are submitted to the jury. This appears to have been what happened in that case, because the point was not there raised.

In the recent case of Western Cotton Oil Company v. Mayes, 245 S.W.2d 280, the Eastland Court of Civil Appeals has very ably and fully discussed this question. On original hearing the court concluded, primarily upon the authority of Benoit v. Wilson, supra, that intoxication was not an ultimate issue, and explained the holding in the Peveto case, much in the same way as we have, supra. Upon rehearing, the court reversed its position.—We think the court was right on original hearing. Certainly that which is by nature an evidentiary issue cannot be made an ultimate issue by merely calling it such. And no injustice is done by treating intoxication as evi-

dentiary, for the jury is allowed to take such condition into consideration in passing on what are truly ultimate issues of negligence.

We hold that the court did not err in refusing to submit the indicated issues requested by appellants.

■ The record in this case shows that appellants were relying heavily upon their affirmative defense that the deceased was guilty of contributory negligence, not only that he was guilty of violating Penal Code Article 802, and that same was a proximate cause, but also that the deceased was guilty of reckless driving in various particulars which were proximate causes. To substantiate their allegations they have introduced, at great length, evidence from which the jury could have reasonably concluded that the deceased was under the influence of intoxicating liquors while he was operating his automobile upon a public highway. While we have held, under the authority of Benoit v. Wilson, supra, against appellants on their asserted right to present their defense of the violation of Penal Code Article 802 as an ultimate issue, that case not only holds that evidence of intoxication is admissible, but that the jury "had the right to consider the evidence of his intoxication along with all other material evidence and circumstances in determining the issue as to whether or not deceased disconnected the hose from the gas pipe at the wall. *Evidence of intoxication is an evidentiary fact to be considered by the jury, or trier of the facts, in determining whether or not a person is guilty of some act of contributory negligence, but the fact of intoxication alone would not convict the deceased of negligence."* (Emphasis supplied).

The appellants were entitled to have the jury to take into consideration in passing upon the deceased's acts, the evidence which appellants offered of intoxication under the usual safeguard that the jury must not be informed of the effect of their answer. In his closing argument, appellees' counsel stated to the jury:

"I am going to put the cards on the table and be frank with you. If you believe from the speculation and inferences that this woman's husband and the father of those boys was driving down that highway dead drunk, I tell you that under the law they are not entitled to anything."

The argument was duly objected to as prejudicial and informed the jury of the effect of their answer. The court overruled the objection.

Here appellants offered evidence which was strong enough to cause the jury to find that certain acts of the deceased were negligence. And they complain vigorously that the jury findings that same were not proximate causes, were against the great weight of the evidence. Appellants presented their case upon the theory that the proximate cause of the collision was the alleged violation by the deceased of Penal Code Article 802. In the state of the record, it is our opinion that the jury must have concluded that a finding that any act of the deceased was a proximate cause, was a finding that the deceased was drunk, and would thereby be a finding that appellees were not entitled to anything. We think the court's refusal to instruct the jury not to consider the argument was reversible error. See Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302.

We have considered all other points argued by appellants; we deem that none of them presents reversible error, and we deem that the jury's findings with respect to damages are not excessive.

For the reason given, we reverse the judgment, and remand the cause for a new trial.

On Motions of Appellants and Appellees for Rehearing.

We have concluded that on original hearing we erred in holding that the following special issues requested by appellants to be submitted were merely evidentiary and not ultimate issues, to-wit:

(1) whether deceased was operating a motor vehicle upon a public highway while under the influence of intoxicating liquor at the time he sustained his injuries, and

(2) whether such act was a proximate cause of his injuries.

■ If the deceased were guilty of operating his automobile upon a public

highway while under the influence of intoxicating liquor, such act would be in violation of P.C. Article 802 and would constitute negligence per se. And we held that there was evidence before the jury which would authorize the jury to have so concluded.—The deceased, like everyone else, was charged with the knowledge "that it is dangerous for an intoxicated driver to operate a motor vehicle upon the streets and highways, dangerous not only to pedestrians and occupants of other vehicles but as well to those who ride with the intoxicated driver." Schiller v. Rice, Tex. Sup., 246 S.W.2d 607, 614.

In the cited case the Supreme Court held that the act of guests in voluntarily and knowingly riding in a motor vehicle under the indicated circumstances, was, as a matter of law, the proximate cause of injuries sustained by them by reason of the intoxication of the driver. It would necessarily follow that the act of a person in driving a motor vehicle upon a public highway in violation of P.C. Article 802, would be the proximate cause of any injuries he received if "in the light of all of the attending circumstances the injury was such as ought reasonably to have been anticipated as a consequence of the act." Galveston, H. & S. A. Ry. Co. v. Bell, 110 Tex. 104, 216 S.W. 390, 391; 30 Tex.Jur. 700, and cases there cited.

■ We based our holding on original hearing, that the issues in question were evidentiary and not ultimate issues, primarily upon the cases of Benoit v. Wilson, Tex.Sup., 239 S.W.2d 792, and Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50. In the Benoit case the evidence showed that the deceased met his death by reason of an explosion of gas in the room in which he was staying and that he was intoxicated at the time, and the Supreme Court expressly pointed out that the condition of intoxication, standing alone, was insufficient to establish negligence or proximate cause but there must be evidence of other misconduct sufficient to establish by preponderance of evidence that he was guilty of performing some act or failing to perform some act which an

ordinarily prudent person would have performed before he could be found guilty of contributory negligence which would have defeated a recovery. In other words, a reasonably prudent person could not have anticipated that the mere act of becoming and remaining intoxicated, standing alone, would result in an explosion of gas taking place in the room where the deceased was spending the night and result in his death. The mere act of being intoxicated, in and of itself, and standing alone, is not denounced by P.C. Article 802. But it is the act of driving an automobile upon the public highway, etc., while under the influence of intoxicating liquor that is so denounced and which is thereby made negligence per se. It was because such an act could be expected to be the proximate cause of injury that P.C. Article 802 was enacted. Proximate cause is not necessarily the immediate or nearest cause. And where intoxication results in the failure of a driver to keep a proper lookout, or proper control over his automobile, then the act of driving in an intoxicated condition would be the proximate cause.

■■ The deceased was an independent insurance adjuster, who lived in Corpus Christi. Mr. Mott was an insurance adjuster who lived in Houston. The deceased also did adjusting work in Houston. While on the witness stand Mr. Mott was asked to state his average net income for the year 1949. Appellants objected in substance that there was insufficient showing of comparative volume and similarity between the business of Mr. Mott and of deceased to make such evidence admissible, and same was not the best evidence of the earnings of the deceased. The admissibility of evidence is for the judge to determine, and the weight is the concern of the jury. However, we deem that there was insufficient showing of the similarity of conditions under which Mr. Mott and the deceased conducted their business for the earnings of Mr. Mott to cast any true light on the amount of the earnings of the deceased. See St. Louis, Southwestern Ry. Co. v. Ball, 28 Tex.Civ.App. 287, 66 S.W. 879. The bare showing of what a doctor

or lawyer makes from the practice of his profession in Houston would be too remote to be admissible to establish what the earnings of one engaged in a similar activity in Corpus Christi. So, with respect to insurance adjusters.

■ Mr. Publicover was a witness for appellees. It was he that was driving an automobile behind the automobile of deceased. When he was testifying, appellants sought to impeach his testimony that the deceased was going at about the speed of 45 miles per hour by asking if he did not tell Lieutenant White at the scene of the accident that deceased had passed him going at a very high rate of speed shortly before the accident. The evidence showed that Mr. Publicover had given a written statement to the officers the next day. This statement, which is referred to as plaintiffs' exhibit No. 12, was subsequently admitted, with the exception of paragraph 5 thereof, upon the ground that appellants sought to impeach the witness by showing prior inconsistent declarations and thereby opened the door to the admission of prior consistent statements. The written statement, so admitted, contained the declaration that the truck had come to a stop about thirty feet from Highway 59, which sharply conflicted with the testimony of appellant Mazzucco, the truck driver, whose testimony placed his stopped-position much nearer Highway 59. At the trial Mr. Publicover could not fix such distances. So much of said exhibit as contained his statement of the stopped-position of the truck was not admissible under the applicable exception to the hearsay evidence rule, as there had been no attempt to impeach that portion of Mr. Publicover's testimony. We fail to find from the statement of facts that the objection specifically called this to the attention of the court. The objection that the paragraph in which the declaration appears was hearsay, and prejudicial, was not, we think, sufficient.

Appellants' motion for rehearing is granted to the extent hereinabove indicated. The judgment rendered on original hearing will remain unaffected.

Appellees' motion for rehearing is refused.