Floyd J. DANIEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 54337.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 24, 1979.

Rehearing Denied June 7, 1978.

Werner A. Gohmert, Alice, for appellant.

Arnold R. Garcia, Dist. Atty. and Rolando Rene Ramirez, Asst. Dist. Atty., Alice, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

After a trial by a jury, appellant was convicted of Involuntary Manslaughter, V.T.C.A., Penal Code, Section 19.05(a)(2). The jury assessed punishment at four years imprisonment in the Texas Department of Corrections. We affirm.

Appellant urges four grounds of error including the insufficiency of the evidence, in particular, that "there is no evidence of accident and (sic) mistake arising from any intoxication of the defendant."

■ The elements necessary to establish the offense of involuntary manslaughter are that: (1) the defendant; (2) operated a motor vehicle; (3) while intoxicated; (4) by accident or mistake; (5) caused the death of an individual; and (6) defendant's intoxication caused the death.

■ The words "mistake" and "accident" as used in the statute mean "unintentional" and are often used in connection with each other and are interchangeable. *Thomason v. State,* 388 S.W.2d 700 (Tex.Cr.App.1964).

■ We are mindful, as was stated in *Long v. State,* 152 Tex.Cr.R. 356, 214 S.W.2d 303 (1948) and quoted in *Spraglin v. State,* 169 Tex.Cr.R. 470, 334 S.W.2d 798 (1960) (dissenting opinion), that:

"Intoxication at the time and proof by the State or finding by the jury under the court's instruction, that there was a death will not in that abstract form support a conviction. *The death must be the result of the intoxication and proof must be made and submitted to the jury of that thing which worked a causal connection between the intoxication and the death.*" (Emphasis added)

■ In reviewing the sufficiency of the evidence, we will construe the evidence in a light most favorable to the verdict. *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App.1977); *Spraglin,* supra.

On May 9, 1975, at approximately 9:00 p. m., a two-car minor accident occurred on U.S. 281, just north of Alice. One of the vehicles involved came to rest, perpendicular to, and blocking the right lane of the double north lane of the highway. The night was dark. There was a blinking yellow light and a street light in the vicinity. District Attorney Investigator Torres was first to arrive at the accident scene and began to direct traffic on the highway in front of the blocking automobile. Jackson, the deceased, a bystander, spoke with Torres there. The investigator had a flashlight. Jackson was dressed in a gray work uniform. Torres noticed that the blocking vehicle was not lighted. He turned and proceeded toward the car to attempt to turn on its lights and as he did, appellant's pickup truck, traveling in the right-hand lane, struck the deceased, hurling him over the disabled automobile and to the pavement some 20 to 25 feet over the car. The investigator testified that the appellant's pickup did not have its lights on. This was controverted by the appellant.

Alice Police Sgt. Barrera and Department of Public Safety Tro per Barrett stated that in their opinion the appellant was intoxicated. Barrett estimated that from his examination of the 80 feet 8 inch skid marks, 52 feet 6 inches of which were to the point of impact, the appellant had been traveling approximately 30 miles per hour. In regard to the skid marks, he further testified on re-direct examination:

"A. It was a medium grade of skid mark. It wasn't dark, yet it wasn't light.

"Q. What would that indicate to you as to the type of brake pressure? Was it a panic stop, or just a slowdown type of thing, or some place in between, or what?

"A. It would have to be between a slow down and a panic. It would have to be between this. It acted as if it wasn't certain what type of stop he wanted to make.

"Q. But it was not a panic stop type?

"A. No, sir, it was not."

On direct and cross-examination, the appellant admitted that he never saw the deceased, who, it was stipulated, stood five feet, ten inches tall, and weighed 480 pounds:

"Q. But it's your testimony that you never saw him?

"A. That's the positive, actual truth. If I had seen the man or any other human, I would have tried everything possible.

"Q. I understand that. But you know you hit something?

"A. Yes.

"Q. But you don't know what?

"A. Well, what it was, I thought it was a car.

"Q. But you really don't know for sure?

"A. That parked car; you know.

"Q. But you don't know for sure what you hit?

"A. Well, I don't know for sure. I didn't know what it was. All I know, I was driving, was putting my brakes on, and trying to dodge this parked car."

▮ The tentative skid marks, driving without lights, and the failure to ever see the five feet, ten inch, 480 pound deceased, though traveling at an estimated speed of 30 miles per hour, is sufficient evidence which could support a finding by the jury of a causal connection between the appellant's intoxication and Jackson's death.

Ground of error three is overruled.

▮ In ground of error one, the appellant contends that the trial court erred by refusing his requested charge on Causation, V.T.C.A., Penal Code, Section 6.04(a). There was no evidence that any conduct but the appellant's resulted in the death. The charge on the law of causation would have been inapplicable; and, therefore, was properly refused. Article 36.14, Vernon's Ann.C.C.P.

Appellant's argument under ground of error one though purporting to support his 6.04(a) Causation contention, seems actually to be directed to the lack of causal connection of intoxication and death, which we addressed in overruling ground of error three, supra. Although not elaborate, the jury was properly instructed as to the necessity of the latter causal issue:

" . . ., when operating a motor vehicle while intoxicated, did *by reason of such intoxication,* cause the death of an individual, to-wit: . . ." (Emphasis added)

There is also language in the appellant's argument that the contributory negligence of either the deceased, or the parties involved in the precedent accident, would ab-

solve him. This contention was met in *Fox v. State,* 145 Tex.Cr.R. 71, 165 S.W.2d 733 (1942), a prosecution for murder without malice under the old Penal Code, Article 802(c), now V.T.C.A., Penal Code, Section 19.05(a)(2), wherein, after stating that generally the defense of contributory negligence was not available in a criminal case, we added:

"While contributory negligence is no defense in such a case, the rights of the defendant are amply protected in the holding that the conduct of the deceased may be considered to determine whether the defendant's unlawful act was the cause of the death, or to determine whether or not the defendant was negligent."

In this regard, the charge properly instructed the jury as to the bare, applicable law. There was no objection to the lack of elaboration of the causal intoxication-death issue; apparently, it met with appellant's approval, although we perceive an apparent confusion as to the term "causation."

Appellant's first ground of error is overruled.

In ground of error two, appellant complains of the exclusion of the probation officer's testimony at the punishment stage of trial. He cites no authority.

Appellant's response to the State's relevancy objection is a good summary of his bill of exception:

"MR. GOHMERT: Your Honor, by this witness I propose to prove that Jim Wells County has a functioning probation department. That it has functioned here over ten years; that they in fact do supervise probationers and that they do check on them; that the probationers are required to report to them, and that this probation officer does look after the people to see that they obey the terms of their probation, and also, that this is one way that Jim Wells County has of rehabilitating parties convicted of crime without confinement."

The trial court instructed the jury that they could recommend the granting of probation, if they found the appellant eligible, and listed the possible terms of probation which they could impose, "but need not necessarily impose all of them." Appellant did not object to the punishment charge.

In *Singletary v. State*, 509 S.W.2d 572 (Tex.Cr.App.1974), we cited with approval *Allaben v. State*, 418 S.W.2d 517 (Tex.Cr. App.1967), where, "this Court held that evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Vernon's Ann.C.C.P., 'is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible.'"

*Singletary*, supra, held that exclusion of various army commendations offered by the defendant's testimony at the punishment stage was not reversible error. In accord is *Logan v. State*, 455 S.W.2d 267 (Tex.Cr. App.1970), concerning the exclusion of "good student" evidence by a teacher and counselor. There, this Court also stated that it was not error to exclude the offered testimony of the probation officer concerning the requirement for and the purpose of probation.

■ We cannot conclude, when comparing the appellant's bill of exception with the instruction given, that error, if any, was reversible.

Appellant's ground of error two is overruled.

Finally, in ground of error four, the appellant argues that "the Court erred in failing to assess punishment after the jury returned its verdict of guilty." Appellant's counsel states: "The appellant did not in writing elect to have the jury assess punishment."

■ Prior to trial, appellant filed an Application for Probation of Sentence, in which he, "ask(ed) the court to submit to the jury this Application for a Probation Sentence." There is no consent of the at-torney for the State to change his election of one who assesses the punishment. Article 37.07(2)(b), Vernon's Ann.C.C.P.

Appellant's ground of error four is overruled.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appellant urges that our opinion on original submission was in error in holding (1) that the issue of causation was not raised by the evidence and (2) that the failure of the trial court to charge thereon was not error after appellant had timely objected thereto.

■ Appellant urges that he was entitled to an instruction under V.T.C.A. Penal Code, Sec. 6.04(a), which provides:

"A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."

Appellant argues that he was entitled to an instruction under Sec. 6.04(a), supra, because of the evidence which showed that there had been an earlier wreck and that deceased was on the highway as a result of such wreck.

By its very terms only a very narrow application can be given to Sec. 6.04, supra, and this is graphically noted by the following, which appears in the Practice Commentary following this section:

"The causal connection between criminal conduct and a proscribed result (usually some harm to person or property) is clear in the great mine-run of cases. When the actor points a pistol at the victim, pulls the trigger, and the victim falls dead, for example, there is no question of causal connection and the trial court does not charge on the causal issue.

"When some agency in addition to the actor contributes to the proscribed re-

sult—for example, when the actor shoots V with intent to kill him, but wounds him instead, and V then dies in a traffic collision on the way to the hospital—a causal relation issue is sometimes presented."

The fact that the earlier wreck and the conduct of the deceased may have been a "concurrent cause" is not enough to raise the issue unless there is evidence which tends to show that this concurrent cause "was clearly sufficient to bring about the resulting death of the deceased." We find that the evidence did not raise such an issue since there was clearly a causal connection between the conduct of the appellant and the death of the deceased.

Appellant's motion for rehearing is overruled.

### MOTION FOR REHEARING

CLINTON, Judge.

By written request, timely filed, the appellant requested a charge under V.T.C.A. Penal Code, Section 6.04(a). The appellant's testimony was to the effect that he was not intoxicated and that the death of the deceased resulted from the fact that the deceased was standing in the middle of the road at the scene of an accident and appellant did not see him. It appears to be the appellant's defensive theory that he was driving as normally as if he had not been intoxicated and the death of the deceased was brought about by the fact that an accident had occurred and the deceased was standing in the highway at the scene of the accident. If the jury believed this was the cause of the accident and "was clearly sufficient to produce the result and the conduct of the actor clearly insufficient," they should have acquitted the appellant. While it is extremely doubtful that the jury would have so found under the evidence in this case, that is not the issue. The issue is whether or not the jury should have had the opportunity to so find. Based upon appellant's defensive theory and evidence, he was entitled to have the jury charged substan-

tially as requested. Denial of his requested charge was, in my view, reversible error.

I respectfully dissent.

ROBERTS and ODOM, JJ., join in this dissent.