Michael David GABRYELSKI, Appellant

v.

STATE of Texas, Appellee.

No. 04–93–00183–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 24, 1994.

Karen A. Crouch, Law Offices of Karen A. Crouch, San Antonio, for appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and LOPEZ and STONE, JJ.

OPINION

STONE, Justice.

A jury convicted appellant of involuntary manslaughter and assessed punishment at ten years confinement and a fine of $10,000. In one point of error, appellant contends that the evidence is insufficient to support the conviction. We affirm.

In reviewing the sufficiency of the evidence, this court must determine whether, considering the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Little v. State*, 758 S.W.2d 551, 562 (Tex.

Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). The elements that the State was required to prove in the present case, as stated in the jury charge, were (1) that appellant (2) by accident or mistake (3) when operating a motor vehicle (4) while intoxicated (5) and by reason of such intoxication (6) caused the death of Michael Mason (7) by driving the motor vehicle into and causing it to collide with Michael Mason. *See also Daniel v. State,* 577 S.W.2d 231, 233 (Tex.Crim.App.1979) (elements of offense).

The evidence adduced at trial in support of appellant's conviction is as follows:

Gilbert Hernandez testified that he was a passenger in a car driven by Ronald Aguillen in the early morning hours of October 20, 1990. While travelling in the center westbound lane of Loop 410 in San Antonio, Hernandez saw a red Fiero strike the rear end of a taxi in front of him. Aguillen moved to the right lane to avoid the accident. At this time, a gold truck passed Aguillen's car moving at a higher rate of speed than the surrounding traffic. The truck clipped the Fiero, spun around, slid across the median, and came to rest on top of the concrete divider. Hernandez noticed that the Fiero had applied its brakes before hitting the taxi, but he stated that he never saw the truck apply its brakes. Aguillen also testified that he saw the brake lights of other cars ahead prior to the second collision. Hernandez and Aguillen testified that the weather at the time was clear, traffic was moderate to light, and the lighting was good. Both stated that all of the other cars in the vicinity were able to slow or stop and no one else collided with anything.

After the collision between the truck and the Fiero, Aguillen pulled his car to the side of the road and he and Hernandez returned on foot to the accident scene. There they noticed a body, later identified as Michael Mason, lying in the road ten to fifteen feet in front of the taxi. Hernandez testified that he observed appellant at the scene; appellant's speech was slurred and he was unsteady on his feet. Hernandez was of the opinion that appellant was intoxicated. Aguillen stated that appellant's speech possibly was slurred and that his eyes were glassy. It was his impression that appellant was intoxicated.

Jose Ocampo, a police officer trained in accident reconstruction, testified that at the time of the accident the weather was clear, the streets were dry, and visibility in the area was excellent. In assessing the damage to the vehicles involved, he stated that the damage to the front end of the Fiero was not extensive, but there was extensive damage to the rear and left side. The driver's side door of the Fiero had been forced around until it collided with the front of the car. This damage indicated that the door was open at the time of collision with the truck. Officer Ocampo testified that the victim was probably standing adjacent to the door at the time of impact and that there would have been sufficient room on the shoulder and remaining roadway for a vehicle to pass around him.

The damage to the front of appellant's truck was consistent with striking a person standing upright, and then having that person fall on top of the vehicle into the windshield. Officer Ocampo opined that tire marks left on the pavement by the truck were caused by the impact. He stated that the truck left no brake marks.

Officer Ocampo testified that a small ice chest, a 12–pack carton, and beer cans were found at the scene in the vicinity of appellant's truck. Fourteen empty beer cans were found in the bed of the truck. The officer stated that appellant was very intoxicated and even several hours after the accident still exhibited slurred speech, bloodshot eyes, and a strong odor of alcohol. He further testified that intoxication retards one's perception and reaction time and impairs one's field of vision. He noted that appellant's truck was higher than Aguillen's car and that it was possible that appellant could have seen over it.

Other police officers also testified that appellant was highly intoxicated. Results of a blood test administered after the accident indicated that appellant's blood alcohol level was .25. One officer testified that appellant admitted at the scene that he was the driver of the truck.

Appellant does not contest the sufficiency of the evidence establishing that he was the driver of the truck that struck and killed Michael Mason, that the collision with Michael Mason was an accident or mistake, or that he was intoxicated at the time of the accident. He asserts only that the State failed to prove a causal link between appellant's intoxication and the victim's death. Specifically, appellant urges that "[t]he State does not exclude the potential alternate causalities and does not prove that but for the intoxication that [sic] the same eventuality would not have resulted."

Appellant did not testify at the guilt-innocence phase of trial. At the punishment phase, he testified and admitted that he was the driver of the truck, he had been drinking prior to the accident and may have been intoxicated, and he struck the victim with his truck. His version of the accident was that he was driving in the center lane behind another car. That car swerved to the right, at which time appellant saw the cars involved in the first accident. He swerved to the left, hit the door of the Fiero (at which time he saw the victim standing next to the door), and then hit the concrete median. He stated that he did not have time to apply his brakes.

Although not articulated in the brief, appellant appears to be asserting that there was a concurrent cause in this case that superseded his own conduct in causing the victim's death. The penal code provides:

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

TEX.PENAL CODE ANN. § 6.04(a) (Vernon 1974); see also Daniel v. State, 577 S.W.2d at 234–35; Nugent v. State, 749 S.W.2d 595, 597–98 (Tex.App.—Corpus Christi 1988, no pet.).

Appellant stressed at trial that the victim was highly intoxicated and attempted to raise the inference that he could not have avoided the accident because the victim was staggering around in the middle of the highway. This is not supported by the record. Officer Ocampo testified that it appeared from the physical evidence that the victim was standing next to the open door of his car, in the center lane or at the edge of the left lane, at the time of impact. Appellant's own testimony at punishment was that the victim was standing by the door. There was also testimony that it is not unusual for persons involved in automobile accidents to get out of their cars at the scene. Finally, Officer Ocampo testified that there would have been ample room in the left lane and shoulder for a vehicle to drive around the victim. There is no support in the record for the proposition that the second collision, and the victim's death, were clearly caused by the victim's intoxication rather than appellant's. Further, appellant did not obtain a jury instruction on concurrent causation and does not complain on appeal that he was entitled to such an instruction.

■ Insofar as appellant appears to be asserting that we must assess whether the circumstances exclude every other reasonable hypothesis except that of the guilt of the accused, see Carlsen v. State, 654 S.W.2d 444 (Tex.Crim.App.1983), we note that such an analytical construct was disapproved in Geesa v. State, 820 S.W.2d 154, 160–61 (Tex. Crim.App.1991). As stated above, the proper standard of review is that set forth in Jackson v. Virginia. Further, "simply because appellant presented a different version of the events, the evidence is not rendered insufficient." Little v. State, 758 S.W.2d at 562–63 (quoting Anderson v. State, 701 S.W.2d 868, 872–73 (Tex.Crim.App.1985), cert. denied, 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986)).

The evidence recited above, viewed in the light most favorable to the verdict, is sufficient to support each element of the charged offense. Specifically in regard to the issue of causation, there is evidence that appellant was highly intoxicated; intoxication impairs perception and reaction time; there were no adverse weather, road, or lighting conditions at the time of the accident; there was ample room at the scene to avoid hitting the victim; and all of the other cars in the area managed to avoid any collision. The jury could infer from this evidence that appellant, too, could

have avoided the collision had he not been intoxicated. This provides the causal link between appellant's intoxication and the victim's death.

Appellant's sole point of error is overruled. The judgment is affirmed.