# NO. 12-07-00331-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***CHESTER RAY MORRIS,*** <br> ***APPELLANT*** | *§* | ***APPEAL FROM THE 241ST*** |
| ***V.*** | *§* | ***JUDICIAL DISTRICT COURT OF*** |
| ***THE STATE OF TEXAS,*** <br> ***APPELLEE*** | *§* | ***SMITH COUNTY, TEXAS*** |

### *MEMORANDUM OPINION*

Chester Ray Morris appeals his conviction of intoxication manslaughter, for which he was sentenced to imprisonment for fifteen years. In three issues, Appellant argues that the evidence was legally and factually insufficient to support his conviction and that his sentence amounted to cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was charged by indictment with intoxication manslaughter and pleaded "not guilty." The matter proceeded to a jury trial.

The evidence presented at trial indicated that, at approximately 12:30 a.m. on September 25, 2006, Appellant and Sidney Kizzie departed by motor vehicle from the El Greco Club in Kilgore, Texas. The two men had been drinking alcohol at the club. Appellant was the driver of the 1994 Ford Ranger pickup truck, while Kizzie rode in the truck's front passenger seat. Appellant drove the truck westbound on State Highway 31[1] toward Tyler, Texas. At the same time, Court Campbell was driving eastbound on Highway 31 toward Kilgore. Campbell testified that he saw Appellant's

---

[1] The record reflects that the portion of State Highway 31 on which Appellant and Campbell were driving comprises only two lanes.

headlights approaching him in the same lane of traffic as he was traveling. Campbell further testified that because there was a ditch on his side of the highway, he was forced to cross into the westbound lane in an attempt to avoid Appellant's vehicle. Campbell stated that after he entered the westbound lane, Appellant drove his vehicle into that same lane and struck Campbell's vehicle.

Department of Public Safety ("DPS") Trooper James Godwin served as the lead investigator of the accident. Godwin testified that he noticed a strong smell of alcohol on Appellant's breath and that Appellant's eyes were red and bloodshot. Godwin further discovered Kizzie, who was deceased, in Appellant's truck. Godwin stated that Appellant's truck left skid marks from the westbound lane leading toward the eastbound lane, where they ended at the point of impact. Godwin further stated that both Appellant's vehicle and Campbell's vehicle were at an angle when they collided. The impact occurred on the passenger side of each vehicle. Godwin testified that the forensic evidence he gathered from the site of the accident indicated that Appellant's vehicle had been traveling in the wrong lane. Godwin further testified that an intoxicated driver does not possess his complete mental faculties and exercises poor judgment when driving a vehicle. Godwin stated that an impaired driver does not have the ability to recognize dangerous situations in which he has placed himself. Godwin further stated that his investigation of the accident led him to conclude that Appellant's intoxication caused Kizzie's death.

Due to his complaints of "heart pain," Appellant was transported by ambulance to East Texas Medical Center in Tyler. Cely Jordan, a registered nurse at East Texas Medical Center, testified that she treated Appellant for chest pain and drew a blood sample. Dennis Keith Pridgen, the drug section supervisor for the Tyler DPS Crime Lab, testified that the blood specimen drawn from Appellant indicated that Appellant's blood-alcohol level was over twice the legal limit.[2]

Ultimately, the jury found Appellant "guilty" as charged and, following a trial on punishment, assessed his punishment at imprisonment for fifteen years. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

---

[2] Pridgen testified that the blood specimen drawn from Appellant indicated that Appellant had 0.17 grams of alcohol per 100 milliliters in his bloodstream.

In his first and second issues, Appellant contends that the evidence was both legally and factually insufficient to support his conviction for intoxication manslaughter.

**Standard of Review**

The Due Process Clause of the Fourteenth Amendment requires that evidence be legally sufficient to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). Evidence is legally sufficient when an appellate court, viewing the evidence in the light most favorable to the judgment, determines that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) (citing *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789). We examine the evidence in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In addition to the guarantees provided by the Fourteenth Amendment, in the direct appeal of a criminal case, the courts of appeals have the statutory and constitutional authority to entertain a claim of factual insufficiency. *See Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). In conducting a review for factual sufficiency, we must first assume that the evidence is legally sufficient under the *Jackson* standard. *See Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all of the evidence weighed by the trial court that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the trial court's determination, even if probative evidence exists that supports the verdict, *see Clewis*, 922 S.W.2d at 133, our evaluation should not substantially intrude upon the trial court's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. Where there is conflicting evidence, the trial court's verdict on such

3

matters is generally regarded as conclusive. *See Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the trial court's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Watson,* 204 S.W.3d at 417(evidence is factually insufficient only when reviewing court objectively concludes that the great weight and preponderance of the evidence contradicts the verdict). A successful factual sufficiency challenge will result in a reversal of the conviction challenged and remand of the case for a new trial. *See id.* at 414.

A person commits the offense of intoxication manslaughter if he (1) operates a motor vehicle in a public place, (2) is intoxicated, and (3) by reason of that intoxication, causes the death of another by accident or mistake. *See* TEX. PENAL CODE ANN. § 49.08(a) (Vernon Supp. 2008). Evidence that the defendant was intoxicated at the time and proof by the State that there was a death will not, in that abstract form, support a conviction. *See Daniel v. State*, 577 S.W.2d 231, 233-34 (Tex. Crim. App. 1979). Rather, the evidence must support that the death resulted from the defendant's intoxication, and proof must be made concerning the causal connection between the defendant's intoxication and the resulting death. *Id.* A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. TEX. PENAL CODE ANN. § 6.04(a) (Vernon 2003). The existence or nonexistence of such a causal connection is normally a question for the jury. *See Hale v. State*, 194 S.W.3d 39, 42 (Tex. App.–Texarkana 2006, no pet.).

**Legal Sufficiency**

In the instant case, Appellant does not dispute the evidence that he was intoxicated at the time of the collision. Rather, Appellant contends that the evidence conclusively supports that he was in the westbound lane, his proper lane of travel, when the collision occurred. Appellant further contends that the undisputed evidence demonstrates that Campbell was not in his correct lane of travel at the time of impact and, thus, Campbell caused the collision.

Campbell testified that he saw Appellant's headlights approaching him in the same lane of traffic as he was traveling. Campbell further testified that because there was a ditch on his side of

the highway, he was forced to cross into the westbound lane in an attempt to avoid Appellant's vehicle. Campbell stated that after he entered the westbound lane, Appellant drove his vehicle into that same lane and struck Campbell's vehicle. Campbell's testimony was supported by Godwin's testimony. Further, photographs taken at the scene showed the skid marks left by Appellant's truck beginning in the westbound lane, leading toward the eastbound lane, and ending at the point of impact between Appellant's and Campbell's vehicles. The record further reflects that Appellant had a blood-alcohol concentration of 0.17, more than twice the concentration required to be legally intoxicated in Texas. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (Vernon 2003). Moreover, Godwin testified that when he arrived at the scene, Appellant smelled strongly of alcohol and had red, bloodshot eyes. Trooper Godwin testified that Appellant's intoxication impaired his mental capacity and caused the accident.

Based on our review of the record, we conclude that the jury could have reasonably found beyond a reasonable doubt that Appellant caused Kizzie's death. *See* TEX. PENAL CODE ANN. § 49.08(a). Further, the fact finder could have found that "but for" Appellant's intoxication, Kizzie's death would not have occurred. TEX. PENAL CODE ANN. §§ 6.04(a), 49.08(a); *Garcia v. State*, 112 S.W.3d 839, 852 (Tex. App.–Houston [14th Dist.] 2003, no pet.). Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's first issue is overruled.

**Factual Sufficiency**

We next consider the issue of factual sufficiency. In so doing, we have reviewed the record in its entirety. Appellant has not directed us to any specific evidence that he contends greatly outweighs the evidence supporting his conviction. Our evaluation should not substantially intrude upon the trial court's role as the sole judge of the weight and credibility of witness testimony, *see Santellan*, 939 S.W.2d at 164, and where there is conflicting evidence, the trial court's verdict on such matters is generally regarded as conclusive. *See Van Zandt*, 932 S.W.2d at 96.

Our review of the record as a whole, with consideration given to all of the evidence, both for and against the trial court's finding, has not revealed to us any evidence that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support the trial court's judgment. Appellant's second issue is overruled.

5

## CRUEL AND UNUSUAL PUNISHMENT

In his third issue, Appellant contends that his fifteen year sentence violated the prohibition against cruel and unusual punishment found in both the United States and Texas constitutions. *See* U.S. CONST. amend VIII; TEX. CONST. art I, § 13. However, Appellant failed to make any objection at trial court raising the issue of cruel and unusual punishment and has, therefore, waived the issue on appeal. *See Willis v. State*, 192 S.W.3d 585, 595–97 (Tex. App.–Tyler 2006, pet. ref'd); *see also* TEX. R. APP. P. 33.1. Appellant's third issue is overruled.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 6, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6